IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

NIGHT BOX
FILED

MAR 12 2003

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

---

|  |  |  |
|---|---|---|
| STEVEN J. GUTTER, on behalf of himself and all others similarly situated, | x : : : | |
| | : | Case No.  95-2152-CIV-GOLD |
| Plaintiff, | : | |
| | : | |
| - against - | : | |
| | : | |
| E.I. DUPONT DE NEMOURS AND COMPANY and EDGAR J. WOOLARD, JR., | : : : | |
| | : | |
| Defendants. | : | |
| | : | |
| | x | |

## PLAINTIFF'S MOTION FOR
## AN ORDER PRELIMINARILY APPROVING SETTLEMENT

Representative Plaintiff, Steven J. Gutter, through his counsel, pursuant to Fed. R. Civ. P.

23(e), moves for entry of an order: (a) preliminarily approving the settlement of the above-captioned

class action with defendants E.I. DuPont de Nemours and Company ("DuPont") and Edgar S.

Woolard, Jr. (collectively the "Defendants"); and (b) directing the mailing and publication of notice to

the Class Members.

In support of this Motion, the Representative Plaintiff states:

1.       Representative Plaintiff through his counsel has reached a proposed settlement with

Defendants in the amount of $77,500,000 (Seventy Seven Million Five Hundred Thousand Dollars)(the

"Settlement").  A copy of the Settlement Agreement (the "Agreement") is attached hereto as Exhibit 1.

2.      The Settlement was achieved following extensive discovery.  This discovery has

included, *inter alia*, (i) inspection and analysis of hundreds of thousands of pages of documents

produced by Defendants; (ii) interrogatories and answers to interrogatories; (iii) extensive motion

practice; (iv) a four day evidentiary hearing on one of Representative Plaintiff's motions to compel;

(v) depositions of over 30 fact witnesses; (vi) witness interviews (vii) preparation of expert reports and

depositions of the parties' five experts; and (viii) analysis of the applicable law with respect to the

claims asserted in the Complaint and the potential defenses thereto.

3.      Preliminary approval is the first step of a two step process for approval of proposed

class action settlements under Rule 23 of the Federal Rules of Civil Procedure.  In the first step, the

Court determines whether the proposed settlement falls within the range of possible approval and

whether it is reasonable to issue notification to class members of the settlement's terms.  In the second

step, after notice to the class and an opportunity of absent class members to object, or otherwise be

heard, the Court will determine whether to grant final approval of the settlement as fair and reasonable

under Fed.R.Civ.P. Rule 23.

4.      Preliminary approval of a proposed class action settlement does not involve a

determination of the merits of the proposed settlement or affect the substantive rights of any class

member.  The purpose of preliminary approval is solely to communicate the proposed settlement to the

class, to review and approve the proposed form of notice to the class, and to authorize the manner and

form of dissemination of the notice.  See *Manual for Complex Litigation (Third)* §30.41 at 236 – 37

(1995) ( "If the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its

fairness or other obvious deficiencies . . . and [the settlement] appears to fall within the range of

-2-

possible approval, the court should direct that notice" issue and should schedule a final approval

hearing. Thus, if a proposed settlement could possibly be approved and it appears to be the product of

informed, arm's-length negotiations, it should be approved for purposes of setting the Fairness Hearing

and notifying the Class. *In re NASDAQ Market-Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.

N.Y. 1997)

     5.    The proposed $77,500,000 settlement satisfies all of the factors required for preliminary

approval of a class action settlement under Rule 23 of the Federal Rules of Civil Procedure, in that it

falls within the range of possible approval, and thus the settlement should be preliminarily approved and

notification of the settlement's terms should be provided to the Class as provided by this motion.

     6.    Representative Plaintiff also submits for the Court's approval, the proposed forms of

notice which are attached to Exhibit 1, the Agreement, as Exhibits A1-A3.

     7.    Representative Plaintiff, after discussion with Defendants' counsel, proposes the following

schedule for the provision of notice, applying for fees, costs, and an incentive award, filing of

objections, and the holding of the hearing on final approval, provided that the Court preliminarily

approves the settlement:

        a.    April 4, 2003: Dissemination of notice to the Class via first Class Mail on or
             before this date;

        b.    April 11, 2003: Publication of Summary Notice;

        c.    May 7, 2003: Objections to the Proposed Settlement filed with, and received
             by, the Clerk of Court, United States District Court for the Southern District of
             Florida; and received by Plaintiff's Lead Counsel on or before this date; Class
             members who previously excluded themselves from the Class who seek to
             rejoin the Class must post-marked their request on or before this date;

  d.  May 15, 2003: Submission of Plaintiff's Lead Counsel's motion for final approval of the Settlement, application for attorneys' fees and expenses and application for an incentive award for Plaintiff; and

  e.  May 30, 2003: The Fairness Hearing.

WHEREFORE, Representative Plaintiff respectfully requests that the Court enter an Order:

(i)  preliminarily approving the Settlement embodied in the Agreement (attached as Exhibit 1);

(ii)  authorizing Plaintiff's Lead Counsel to enter into the Agreement on behalf of the Plaintiff Class, and to bind them all to the duties and obligations contained herein, subject to final approval by the Court following the Settlement Hearing;

(iii)  approving the form and procedure for Class notice described in the of settlement notice attached as Exhibits A-1 and A-2, to the Agreement;

(iv)  approving the form of Proof of Claim form and Release attached as Exhibit A-3 to the Agreement;

(v)  scheduling a hearing before the Court to determine whether the proposed settlement should be given final approval;

(vi)  approving the timetable set forth in the proposed Order of Preliminary Approval for giving notice to the class, submission of proofs of claims, dissemination of Class Notice, and other relevant deadlines.

  4. For the Court's convenience, a form of order is provided and attached as Exhibit A to the Agreement.

Dated: _March 12_, 2003

Respectfully submitted,

FOR THE REPRESENTATIVE
PLAINTIFF, CLASS COUNSEL,
AND THE PLAINTIFF CLASS

By _____

    **GARWIN, BRONZAFT, GERSTEIN,**
      **& FISHER, L.L.P.**
    Bruce E. Gerstein
    Noah Silverman
    Kevin Landau
    1501 Broadway
    New York, NY 10036
    (212) 398-0055

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing Plaintiff's Motion for An Order Preliminarily Approving Settlement on the following individuals or entities on this 12rd day of March, 2003:

Edward A. Moss, Esq
**SHOOK, HARDY & BACON**
201 South Biscayne Boulevard
Miami, Florida, 33131-4334

Counsel for Defendants

**By First Class Mail**:
**ELWOOD S. SIMON**
**& ASSOCIATES, P.C.**
Elwood S. Simon, Esq.
355 South Woodward Avenue, Suite 250
Birmingham, MI 48009
(810) 646-9730
Elwood S. Simon

Darin McAtee, Esq.
**CRAVATH, SWAINE & MOORE**
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019

**BERMAN DEVALERIO PEASE**
**TABACCO    BURT & PUCILLO**
Oliver Burt, Esq.
515 North Flagler Drive
Northbridge Centre, Suite 1701
West Palm Beach, Florida, 33401
(561) 835-9400 Oliver Burt

**MILLER FAUCHER CHERTOW**
 **CAFFERTY and WEXLER**
Marvin Miller, Esq.
30 North LaSalle St., Suite 3200
Chicago, IL  60602
(312) 782-4880

Counsel for Plaintiffs

Kevin Landau

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

```
————————————————————————————x
STEVEN J. GUTTER, on behalf      :
of himself and all others        :        Case No.  95-2152-CIV-GOLD
similarly situated,              :
                                 :
                Plaintiff,       :
                                 :
      - against -                :
                                 :
E.I. DUPONT DE NEMOURS           :
AND COMPANY and EDGAR            :
    J. WOOLARD, JR.,                 :
                                 :
                Defendants.      :
                                 :
————————————————————————————x
```

## SETTLEMENT AGREEMENT

**ATTACHMENT / EXHIBIT** 1

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made as of March 12, 2003, by and among the following parties (as defined in this Agreement in Paragraph V(A)): (1) Representative Plaintiff, by and through Plaintiff's Lead Counsel; and (2) defendants E.I. du Pont de Nemours and Company ("DuPont") and Edgar S. Woolard, Jr. (collectively "Defendants"), by and through their attorneys in the action Gutter v. DuPont, Case No. 95-2152-CIV-GOLD ("Action").

### I.      DESCRIPTION OF THE ACTION

The lawsuit is a securities law action. The initial complaint was filed on September 29, 1995; an amended and supplemental complaint was filed on April 9, 1998 ("Complaint"). Representative Plaintiff alleges that the Defendants violated the Federal Securities Laws. The alleged violations are based upon alleged false statements and omissions allegedly made by Defendants regarding: (a) the safety of a Dupont agricultural product called Benlate, and (b) DuPont's potential liability in a series of products-liability lawsuits by growers asserting damages allegedly caused by Benlate. More specifically, Representative Plaintiff alleges that various statements made by the Defendants were false or misleading because at the time the statements were made Defendants allegedly knew of information that allegedly indicated that Benlate may have caused the damages that growers alleged in the underlying Benlate suits. In addition, Representative Plaintiff alleges that the Defendants improperly failed to disclose the allegedly adverse information to the plaintiffs in the Benlate cases and/or the public. Representative Plaintiff alleges that: (a) the failure to reveal this information created a false and misleading perception regarding DuPont's potential liability in the Benlate suits and the magnitude of that potential liability and (b) DuPont's conduct artificially inflated DuPont's stock price for the period between June 19, 1993 and January 27, 1995. Representative Plaintiff seeks damages for himself and for the Class based upon this alleged artificial inflation of DuPont's stock price during this approximately 18-month period.

The parties conducted extensive discovery and completed such discovery on or about September 30, 2002. This discovery has included, inter alia, (i) inspection and analysis of

-2-

hundreds of thousands of pages of documents produced by Defendants; (ii) motion practice, including various motions to compel; (iii) depositions of over 30 fact witness; (iv) preparation of expert reports and depositions of the parties' experts; and (v) analysis of the applicable law with respect to the claims asserted in the Complaint and the potential defenses thereto.

By Order entered on April 2, 1997, the Court certified a Plaintiff Class and appointed Representative Plaintiff Steven J. Gutter and his attorneys to represent the Plaintiff Class. By Order entered on July 10, 1997, the Court denied the Defendants' Motion to Dismiss. On November 22, 2002, Defendants moved for summary judgment. The issues raised by Defendants' motion for summary judgment were fully briefed by the parties. By Order dated April 15, 2002, the Court directed the parties to engage in mediated settlement discussions to be completed by early March, 2003.

## II.    BENEFITS OF SETTLEMENT TO THE PLAINTIFF CLASS

The Representative Plaintiff and his attorneys have carefully weighed the benefits to the Plaintiff Class of an immediate settlement of the Action for the consideration being offered by Defendants, against the significant cost, risk and delay that continued prosecution of the Action would involve. The Representative Plaintiff and his attorneys recognize the expense and length of continued proceedings necessary to continue the litigation against Defendants through trial and appeals, and also are mindful of the asserted defenses to their claims. The Representative Plaintiff and his attorneys also have taken into account the anticipated difficulty of proving damages. In light of the foregoing, the Representative Plaintiff and Plaintiff's Lead Counsel believe that the settlement set forth in this Agreement is fair and reasonable to the Plaintiff Class and confers substantial benefits on the Plaintiff Class and each of the Class Members.

## III.    DEFENDANTS' REASONS FOR SETTLEMENT

Defendants have concluded that the continuation of the Action against them would be protracted and expensive for all parties. Substantial amounts of time, energy and resources of these parties have been and, unless this settlement is made, will continue to be devoted to the defense of the claims asserted by the Representative Plaintiff and the Plaintiff Class in the Action.

-3-

Defendants also recognize that there are risks attendant in any litigation. Defendants have, therefore, determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in this Agreement to eliminate the burden, expense, and risk of further protracted litigation.

### IV.      DEFENDANTS' DENIALS OF WRONGDOING

Defendants have denied and continue to deny each and all of the claims and contentions alleged in the Action. Defendants repeatedly have asserted, and continue to assert, many defenses thereto, and have expressly denied and continue to deny any wrongdoing or legal liability arising out of any of the conduct alleged in the Action. Neither this Agreement, nor any document referred to herein, nor any action taken to carry out this Agreement, is, may be construed as, or may be used as an admission by or against Defendants of any fault, wrongdoing or liability whatsoever. Pursuant to Fed.R.Evid. 408, entering into or carrying out this Agreement, the exhibits hereto, and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of, an admission or concession by any of the undersigned parties, and shall not be offered or received in evidence in any action or proceeding against any undersigned party in any court, administrative agency or other tribunal for any purpose whatsoever, other than to enforce the provisions of this Agreement or the provisions of any related agreement or exhibit hereto.

### V.      TERMS OF THE AGREEMENT

NOW, THEREFORE, it is hereby stipulated and agreed, by and among the undersigned parties, that the Action shall be resolved, compromised and settled, in full, now and forever, subject to the approval of the Court pursuant to Fed.R.Civ.P. 23(e), upon and subject to the following terms and conditions:

-4-

### A.    Definitions

1.    "Authorized Claimant" means a Claimant who has filed a timely and adequate proof of claim, pursuant to Paragraphs V(B)(9) and (10) of this Agreement, who is entitled to share in the Settlement Fund in accordance with the Plan of Allocation, and whose claim has been approved for payment by Plaintiff's Lead Counsel and allowed by the Court.

2.    "Claimant" means any Class Member who files a proof of claim in such form, in such manner, and within such times as the Court shall prescribe.

3.    "Class Member" means a member of the Plaintiff Class.

4.    "Class Period" means the period beginning June 19, 1993 through January 27, 1995, inclusive.

5.    "Defendants" means, collectively:

(a)  E.I. du Pont de Nemours and Company, a Delaware corporation, and its past and present parent, subsidiary, and affiliated corporations and entities, the predecessors and successors in interest of any of them, and all their respective past and present officers, directors, employees, agents, representatives, attorneys, insurers, and assigns ("DuPont"); and,

(b)  Edgar S. Woolard, Jr. and each of his respective assigns, successors, agents, representatives, heirs, executors, administrators, and insurers ("Woolard").

6.    "DuPont Common Stock" means DuPont common stock publicly traded during the Class Period.

7.    "Effective Date" means the date on which the Court's Order of Final Judgment is no longer subject to further appeal or review, by either the date of expiration of the time for the filing or noticing of any appeal from the final judgment of the Court without any appeal being filed therein; or, if an appeal is filed in the Action, the date upon which the Order of Final Judgment in the Action is finally affirmed on appeal, or the appeal is finally dismissed without any request for further discretionary review of such appellate decision being sought; or, if further discretionary review of such appellate decision is sought, the date upon which such

-5-

discretionary review is denied or, if granted, results in final affirmance of the judgment in the
Action.

   8. "Escrow Agent" means such bank or financial institution as the undersigned
parties may agree upon, which bank or institution shall perform its duties as set forth in this
Agreement and in the to be agreed to Escrow Agreement (See Section V(D).

   9. "Order of Final Judgment" means the order of final judgment substantially
in the form attached hereto as Exhibit B.

   10. "Person" means any individual, corporation, partnership, association, joint
stock company, trust, unincorporated organization, government and any political subdivision
thereof, or any other type of entity.

   11. "Plaintiff Class" or "Class" means the Representative Plaintiff and all other
persons who purchased DuPont Common Stock during the Class Period, excluding Defendants,
any member of the immediate family of Woolard, any entity in which any Defendant has a
controlling interest, and any legal representatives, affiliates, heirs, successors, predecessors in
interest or assign of any Defendant. "Plaintiff Class" or "Class" also includes all persons who
previously excluded themselves from the Plaintiff Class but who elect to rejoin the Plaintiff Class
under the conditions set by the Court in Exhibit A attached hereto.

   12. "Plaintiff's Lead Counsel" means Bruce E. Gerstein of the law firm of
Garwin, Bronzaft, Gerstein & Fisher, L.L.P. "Plaintiff's Liaison Counsel" means R. Scott Palmer
of the law firm of Berman DeValerio Pease Tabacco Burt & Pucillo L.L.P.

   13. "Representative Plaintiff" means the named plaintiff whom the Court has
appointed as class representative in the Action, specifically Steven J. Gutter.

   14. "Settled Claims" means any and all claims, manner of action, suits,
obligations, causes of action, liabilities, debts, demands, agreements, promises, damages, losses,
controversies, costs, expenses, and attorneys' fees whatsoever, whether in law or equity and
whether based on federal law, state law, common law or foreign law right of action or any other
type or form, foreseen, actual or potential, matured or unmatured, known, or unknown, accrued

or not accrued, which Representative Plaintiff and each Class Member, or any of them, ever had, now have, or can have, or shall or may hereafter have, against any Defendants, for, based on, by reason of, or arising from or relating to claims relating to the purchase of DuPont Common Stock during the Class Period that were made, or could have been made, in the Action, including, but not limited to (i) claims that directly or indirectly arise out of any of the facts, transactions, events, occurrences, acts or omissions mentioned in the Complaint or in discovery (formal or informal) in this Action, or other matters that are or could have been set forth, alleged, embraced or otherwise referred to in the Complaint or the Action, which could have been brought against Defendants relating to a Class Member's purchase of DuPont Common Stock during the Class Period, including all matters encompassed within the releases and covenants not to sue set forth in V(G)(1)(a)-(c), below, and (ii) claims arising out of the prosecution of the Action, including, but not limited to, claims related to fraud in the inducement, negligent misrepresentation, discovery misconduct or fraud; except that nothing in this Agreement releases any claim arising out of the violation or breach of the terms of this Agreement.

      15.   "Settlement Fund" means the sum of $77,500,000 (Seventy Seven Million Five Hundred Thousand Dollars), to be paid by Defendants as specified in Paragraph V(F)(1) of this Agreement, including any interest accrued pursuant to Paragraph V(F)(2) below.

      B.      **The Court's Order Preliminarily Approving the Settlement**

      As soon as practicable after execution of this Agreement, counsel for the undersigned parties shall apply jointly to the Court for an order substantially in the form attached hereto as Exhibit A ("Order of Preliminary Approval"), which shall specifically include provisions which:

      1.   Preliminarily approve the settlement as embodied in this Agreement as being fair, reasonable, and adequate to the Plaintiff Class;

      2.   Provide that Plaintiff's Lead Counsel is authorized to enter into the Agreement on behalf of the Plaintiff Class, and to bind them all to the duties and obligations contained herein, subject to final approval by the Court following the Settlement Hearing and that

Plaintiff's Lead Counsel, on behalf of the Plaintiff Class, is authorized to take all appropriate action required or permitted to be taken by the Plaintiff Class pursuant to this Agreement to effectuate its terms.

        3.     Approve the form of Notice of Proposed Settlement of Class Action and Hearing Thereon ("Notice of Settlement Hearing"), substantially in the form attached hereto as Exhibit A-1, for mailing to Class Members in order to provide notice of the hearing for approval of the settlement, and direct that Plaintiff's Lead Counsel mail or cause to be mailed such Notice of Settlement Hearing to those Class Members who can be identified through reasonable effort, such mailing to be accomplished at least 45 days prior to the date of hearing on approval of the settlement;

        4.     Approve the form of Summary Notice, substantially in the form attached hereto as Exhibit A-2, to be published in order to provide notice of the hearing for approval of the settlement, and direct that Plaintiff's Lead Counsel cause such Summary Notice to be published once in the national edition of The Wall Street Journal and in the Miami Herald no more than 10 days after the mailing described in Paragraph V(B)(3) above, and at least 35 days prior to the date of hearing on approval of the settlement;

        5.     Find that mailing and publication pursuant to Paragraphs V(B)(3) and V(B)(4) above constitute the best notice practicable under the circumstances, constitute due and sufficient notice of the matters set forth in said Notices to all persons entitled to receive notice, and fully satisfy the requirements of due process and of Fed.R.Civ.P. 23;

        6.     Schedule a hearing to be held by the Court ("Settlement Hearing"), pursuant to Fed.R.Civ.P. 23, in order to determine: (a) whether the settlement should be approved as fair, reasonable, adequate, and in the best interests of the Plaintiff Class; (b) whether a final judgment should be entered substantially in the form attached hereto as Exhibit B ("Final Judgment"); (c) whether the Representative Plaintiff's proposed Plan of Allocation of the settlement proceeds ("Plan of Allocation") should be approved as fair and reasonable to the Plaintiff Class; and (d) whether to approve the application of Plaintiff's Lead Counsel, for an

-8-

award of attorneys' fees, costs, and expenses, and any application for an award to the Representative Plaintiff ("Fee and Expense Petition");

7.     Provide that any Class Member who previously timely excluded himself from the Plaintiff Class shall have the right to rejoin the Plaintiff Class and to participate in the settlement, subject to the terms of the Agreement;

8.     Provide that any objections to the settlement, the Plan of Allocation, the Fee and Expense Petition or application of an award to Representative Plaintiff shall be heard, and any papers submitted in support of said objections shall be received and considered by the Court at the Settlement Hearing (unless, in its discretion, the Court shall direct otherwise), only if, on or before a date to be specified in the Court's Notice of Settlement Hearing, persons making objections file notice of their intention to appear, and file copies of such papers as they propose to submit, with the Clerk of Court and, on or before such date, serve such papers upon Plaintiff's Lead Counsel and counsel for Defendants;

9.     Approve the form of Proof of Claim Form and Release, substantially in the form attached hereto as Exhibit A-3, and direct that Plaintiff's Lead Counsel mail or cause to be mailed such Proof of Claim Form and Release at the same time, in the same manner, and to the same persons, as provided in Paragraphs V(B)(3) above with respect to the Notice of Settlement Hearing;

10.    Provide that, in order to share in the Settlement Fund, a Class Member must execute and file a Proof of Claim Form and Release in the manner provided therein within such time as is allowed by the Court;

11.    Provide that all Class Members, whether or not they file a Proof of Claim Form and Release within the time provided for, shall be permanently enjoined and barred from asserting any claims (except through the proof of claim procedures) against any of the Defendants arising from the Settled Claims, and that all Class Members conclusively shall be deemed to have released any and all such Settled Claims;

12.     Provide that, if this Agreement becomes Effective, only persons who are
Authorized Claimants shall have rights in the distribution of the Settlement Fund, except as
otherwise ordered by the Court;

13.     Provide that a Proof of Claim Form and Release filed by mail shall be
deemed to have been filed when postmarked, if mailed by first class mail, registered mail, or
certified mail, postage prepaid, addressed in accordance with the instructions given in the Proof of
Claim Form and Release, and that all other Proofs of Claim Forms and Release shall be deemed to
have been filed at the time they are actually received by the Claims Administrator;

14.     Provide that Plaintiff's Lead Counsel may, within his discretion, send a
second mailing of notice or undertake other means of contacting Class Members; and

15.     Provide that the Settlement Hearing may, from time to time and without
further notice to Class Members, be continued or adjourned by order of the Court.

C.      **Judgment To Be Entered by the Court Approving the Settlement**

Upon approval by the Court of the settlement set forth in this Agreement, a final
judgment shall be entered by the Court, pursuant to an Order of Final Judgment in form and
substance substantially identical to the one attached hereto as Exhibit B, which shall specifically
include provisions which:

1.      Approve the settlement set forth in this Agreement as fair, reasonable,
adequate, and in the best interests of the Plaintiff Class, and direct consummation of the
settlement in accordance with the terms and provisions of this Agreement;

2.      Fully and finally dismiss the Action with prejudice, and without costs
(except as may be provided herein) to any undersigned party as against any other;

3.      Adjudge that the Representative Plaintiff and all Class Members shall
conclusively be deemed to have released any claims, actions, causes of action, rights or liabilities
against Defendants, their respective past and present parent, subsidiary, and affiliated corporations
and entities, the predecessors and successors in interest of any of them, and all of their respective

-10-

past and present officers, directors, employees, agents, representatives, insurers, attorneys, and assigns, arising out of, based upon, or otherwise related to the Settled Claims;

      4.    Bar and permanently enjoin the Representative Plaintiff and all Class Members from instituting, asserting or prosecuting, either directly, representatively, derivatively or in any other capacity the Settled Claims.

      5.    Award the Representative Plaintiff and Plaintiff's Lead Counsel from out of the Settlement Fund such attorneys' fees, costs, expenses, and/or Representative Plaintiff's award as the Court may determine to be reasonable and appropriate;

      6.    Provide that payment of attorneys fees is to be made to Plaintiff's Lead Counsel on behalf of all Class Counsel. Allocation of attorneys' fees shall be made by Plaintiff's Lead Counsel in a manner which Plaintiff's Lead Counsel believes in good faith reflects the contribution of such counsel to the prosecution and settlement of the Action; and

      7.    Reserve jurisdiction over: (a) implementation of this settlement and any distribution to Authorized Claimants, pursuant to further orders of the Court; (b) disposition of the Settlement Fund; (c) the Action, until the Effective Date of the Final Judgment contemplated in this Agreement, and until each and every act agreed to be performed by the undersigned parties shall have been performed pursuant to this Agreement; (d) the Agreement, for the purpose of implementing the Plan of Allocation; and (e) all undersigned parties, for the purpose of enforcing and administering this Agreement.

    **D.**    **Escrow Agreement**

      1.    It is agreed that all of the parties to this Agreement will be bound by all the terms and conditions of an Escrow Agreement to be agreed to among Plaintiff's Lead Counsel and Defendants.

      2.    Plaintiff's Lead Counsel is authorized to execute such transactions on behalf of the Representative Plaintiff as are consistent with the terms of this Agreement and the Escrow Agreement.

-11-

3.      It is intended that the escrow account be treated as a "qualified settlement fund" for federal income tax purposes pursuant to Treas. Reg. §§ 1.468B-1 and that any taxes due as a result of income earned by the Settlement Fund will be paid from the Settlement Fund. Interest earned by the Settlement Fund shall be for the benefit of the Class, less reasonable attorneys' fees and expenses approved by the Court (and any interest awarded thereon), any Court-approved award to Plaintiff for acting as Representative Plaintiff, and payment of any and all administrative and notice expenses associated with this litigation or settlement.

E.      **Notice Costs**

1.      All costs of notice and administrating the Settlement shall be paid from the Settlement Fund. If the Effective Date does not occur, or if this Agreement is voided, terminated or cancelled for any reason, the Representative Plaintiff shall have no obligation to pay any amounts incurred for notice or administration. In the event the Effective Date does not occur, Defendants shall be liable for all costs of notice and administration incurred.

F.      **Creation of the Settlement Fund**

1.      No later than 72 hours after the Court enters the Order of Final Judgment, Defendants shall deposit with the Escrow Agent, pursuant to the terms of the Escrow Agreement, the sum of $77,500,000 (Seventy Seven Million Five Hundred Thousand Dollars), which amount shall be used to fund the Settlement Fund.

2.      Except as provided by Paragraph V(D)(3) and V(E)(1) of this Agreement, all interest earned on the Settlement Fund shall be for the benefit of the Plaintiff Class and be added to the Settlement Fund.

G.      **Release**

1.      In consideration for the Settlement Fund, on the Effective Date:

a.      Representative Plaintiff and Plaintiff's Lead Counsel, on behalf of each Class Member and (i) all of the heirs, executors, administrators, beneficiaries, spouses, predecessors, successors, assigns and each of them, and (ii) all of their former and present employees, directors, officers, accountants, agents attorneys, representatives, affiliates, parents

-12-

and subsidiaries, in their capacity as such, by operation of the Order of Final Judgment shall have, and shall be deemed to have, fully, finally, and forever released, remised, relinquished and discharged all Settled Claims against Defendants. The Proof of Claim to be submitted to Class Members will also contain a release of the Settled Claims. Distribution of the Settlement Funds to Class Members shall be conditioned on such Class Members' execution and delivery of such release to the claims administrator.

b.    Representative Plaintiff and Plaintiff's Lead Counsel, on behalf of each Class Member, covenant not to sue Defendants with respect to, or otherwise to assert, directly, or indirectly, any of the Settled Claims, in any court of law, or equity, or any other forum.

c.    Representative Plaintiff and Plaintiff's Lead Counsel, on behalf of each Class Member, acknowledges that he, she or it may have sustained Settled Claims which are presently unknown and not suspected and that such Settled Claims may give rise to additional damages, expenses, and losses in the future which are now not anticipated. Plaintiff's Lead Counsel, on behalf of each Class Member, also acknowledges that this settlement and the releases in it have been negotiated and agreed on in light of this realization and, being full advised, expressly waives any and all rights that it, he or she may have under any statute or common law principle that would limit the effect of the foregoing releases to those claims actually known or suspected to exist at the time of the execution of this stipulation. Representative Plaintiff and Plaintiff's Lead Counsel, on behalf of each Class Member, expressly waive any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, including, without limitation Section 1542 of the California Civil Code.

**H.    Supervision and Distribution of the Settlement Fund**

1.    Plaintiff's Lead Counsel, acting on behalf of the Plaintiff Class, and subject to the supervision, direction and approval of the Court, shall calculate the claims submitted by Class Members and shall oversee distribution of the Settlement Fund to Class Members. Plaintiff's Lead Counsel shall be authorized to employ a Claims Administrator to assist in such tasks. The Defendants shall have no responsibility, financial obligation, or liability whatsoever

-13-

with respect to the investment or distribution of the Settlement Fund after the Effective Date, with respect to the processing of claims against the Settlement Fund, or otherwise with respect to the administration of this settlement or the Settlement Fund, except as provided in Paragraph V(J)(2) below.

   2. On and after the Effective Date, the Settlement Fund shall be applied, subject to the approval of the Court, as follows:

   (a) To pay the Escrow Agent its reasonable fees and expenses;

   (b) To pay taxes due and owing on the Settlement Fund, if any, including any federal, state, or local taxes that are attributable to interest earned by the Settlement Fund;

   (c) To pay to the Plaintiff's Lead Counsel, on behalf of all class counsel, such attorneys' fees, costs, and expenses as the Court may allow;

   (d) To pay all unpaid costs and expenses incurred in connection with providing notice to Class Members, locating Class Members, administering and distributing the Settlement Fund, and processing Proof of Claim Forms and Releases, including without limitation the fees of the Claims Administrator, and the fees of accountants for preparing tax returns for the Settlement Fund;

   (e) To create a $50,000 reserve fund to be used to pay late claims, if appropriate, to adjust any errors in payment, to make other equitable adjustments, and to pay costs, expenses and attorneys' fees associated with dealing with such matters, subject to court approval on notice to the Defendants but without further notice to the Plaintiff Class, with any remainder to be paid to a charity acceptable to the Court;

   (f) To pay to the Representative Plaintiff such award, if any, as the Court may allow; and

   (g) To pay the claims of all Authorized Claimants.

-14-

3.    Following submission of this Agreement to the Court, Plaintiff's Lead Counsel, on behalf of the Plaintiff Class, will submit a proposed Plan of Allocation of Settlement Proceeds to the Court for its approval, upon notice to the Plaintiff Class. It is agreed by the undersigned parties that the proposed Plan of Allocation is not a part of this Agreement, and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the settlement set forth in this Agreement. Any order or proceedings relating to the proposed Plan of Allocation shall not operate to terminate or cancel this Agreement or to affect its finality.

### I.    The Fee and Expense Petition

1.    Plaintiff's Lead Counsel, on behalf of all class counsel in the action, intends to file an application for attorneys' fees to be paid out of the Settlement Fund. Plaintiff's Lead Counsel, on behalf of all class counsel, agrees not to request a total of more than 33-1/3% of the Settlement Fund, plus any interest accruing thereon, for such attorneys' fees. In addition, Plaintiff's Lead Counsel, on behalf of all class counsel, intends to apply for reimbursement of their out-of-pocket costs and expenses, including any expert or consultant fees incurred, to be paid out of the Settlement Fund (the "Fee and Expense Petition"). Plaintiff's Lead Counsel also intends to seek an award for the Representative Plaintiff. Any and all awards of attorneys' fees, costs, and expenses, and/or award to the Representative Plaintiff shall be paid only from the Settlement Fund and shall not otherwise be paid by the Defendants.

2.    It is agreed that the allowance or disallowance by the Court of any applications by Plaintiff's Lead Counsel, on behalf of class counsel, for fees, costs, and expenses, including fees of experts and consultants, and/or for award to the Representative Plaintiff, is not a term or condition of the settlement set forth in this Agreement, and any order or proceeding relating thereto, or any appeal from any such order, shall not operate to terminate or cancel this Agreement or to affect or delay the Effective Date. However, distribution of all or a portion of the Settlement Fund may be delayed in the event of an appeal concerning any fees, costs, expenses, and/or awards that have been allowed. Representative Plaintiff and Plaintiff's Lead

-15-

Counsel, on behalf of all Class counsel, agrees that none of the Defendants shall be responsible for the payment of such fees, costs, expenses, and/or awards. All such fees, costs, expenses, and/or awards shall come from the Settlement Fund.

3. Defendants agree that any attorney fees and expenses awarded by the Court shall be disbursed only to Plaintiff's Lead Counsel for allocation among the various Class counsel which have participated in this litigation. Defendants agree, subject to any order of the Court, that Class counsel will be paid approved attorneys' fees and expenses within five (5) business days after entry of the Court's order finally approving the settlement and awarding attorneys' fees and expenses. Disbursement of Class counsel's attorneys' fees shall not be delayed by reason of any appeal of the final judgment. However, if a final judgment by the District Court approving the settlement is reversed on appeal, Plaintiff's Lead Counsel, shall within five (5) business days after receiving written notice from counsel for Defendants, cause a refund to be made to the Settlement Fund in the amount of the disbursement paid to Class counsel, plus interest that would have accrued on that amount had it remained in the Settlement Fund. This paragraph 3 is subject to the terms of a confidential letter agreement entered into between Plaintiff's Lead Counsel and Defendants concerning the means of ensuring prompt repayment pursuant to the previous sentence.

J.   **Conditions of Settlement; Effect of Disapproval, Cancellation and Termination**

1. This Agreement shall be deemed terminated and cancelled, and shall have no further force and effect whatsoever, if:

    (a)   There is no Effective Date;

    (b)   The Court fails to enter an order preliminarily approving the settlement, and directing that notice of the settlement be given, substantially in the forms provided in Paragraph V(B) and Exhibits A and A-1 through A-3 hereto, or if such an order is entered, it later is reversed or materially modified, whether on appeal or otherwise; provided, however, that the

-16-

undersigned will work together in good faith to correct any technical deficiencies that may have caused the Court to deny preliminary approval;

(c)     The Court fails to enter an Order of Final Judgment as provided in Paragraph V(C) and Exhibit B hereto, or if such Order of Final Judgment is entered, it later is reversed or materially modified, whether on appeal or otherwise (a reversal or modification of any proposed Plan of Allocation or of any award of attorneys' fees, costs, and expenses or of any award to the Representative Plaintiff pursuant to the Fee and Expense Petition shall not be deemed a reversal or modification of the material terms of this Agreement).

2.    In the event that this Agreement is voided, terminated or cancelled, or fails to become effective for any reason whatsoever, then within 10 days after written notice is sent by any undersigned party to the Escrow Agent and all other undersigned parties, the Settlement Fund and all interest earned thereon (subject to the expiration of any time deposit not to exceed 90 days) shall be refunded to Defendants, less: (a) reasonable Escrow Agent fees and expenses; (b) any amounts disbursed, billed, or incurred for notice pursuant to Paragraph V(E)(1) of this Agreement; and (c) any amounts disbursed, billed, or incurred for tax liabilities on the respective funds, if any. In such event, the undersigned parties shall be deemed to have reverted to their respective statuses as of the date and time immediately prior to the execution of this Agreement, and they shall proceed in all respects as if this Agreement, its exhibits, and any related agreements or orders, had never been executed. In such event, the undersigned parties jointly will seek vacation of any order entered or actions taken in connection herewith.

K.    **Miscellaneous Provisions**

1.    All of the exhibits attached hereto are hereby incorporated by this reference as though fully set forth herein.

2.    This Agreement may be amended or modified only by a written instrument signed by all undersigned parties or their successors-in-interest.

-17-

3.     The waiver by one party of any breach of this Agreement by any other party shall not be deemed a waiver, by that party or by any other undersigned party, of any other prior or subsequent breach of this Agreement.

4.     This Agreement and its exhibits constitute the entire agreement among the undersigned parties, and no representations, warranties or inducements have been made to any party concerning this Agreement or its exhibits other than the representations, warranties and covenants contained and memorialized in such documents.

5.     This Agreement will be executed on behalf of the parties hereto by their respective counsel of record. All counsel executing this Agreement represent and warrant that they are authorized and empowered to execute this Agreement on behalf of their stated client(s), and that the signature of such counsel is intended to and does legally bind stated client(s) of such counsel.

6.     This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument, provided that counsel for the undersigned parties shall exchange among themselves original signed counterparts.

7.     This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the undersigned parties.

8.     All terms of this Agreement and the exhibits hereto shall be governed by and interpreted according to the laws of the State of Florida.

9.     The undersigned parties and their counsel agree not to initiate or invite, directly or indirectly, contact with the public media concerning the Action, except that DuPont may issue a press release announcing that an agreement to settle has been reached on the terms set forth herein. The parties and their counsel agree that, in responding to any inquiries from the public media concerning the Action and/or the settlement of the Action, the parties will limit their comments to the provision of factual information as contained in the Notice mailed to the Plaintiff Class, this Agreement, the pleadings, and any of the various court orders in the Action.

-18-

10.    The undersigned parties and their counsel agree to use their best efforts, and to take all reasonable steps necessary, to obtain the entry of the Order of Final Judgment and to effectuate the settlement set forth in this Agreement.

**IN WITNESS WHEREOF,** the parties hereto have caused this Agreement to be executed, by their duly authorized attorneys, as of the date stated above.

Date: March 12 2003.

FOR THE REPRESENTATIVE
PLAINTIFF, CLASS COUNSEL,
AND THE PLAINTIFF CLASS

By

**GARWIN, BRONZAFT, GERSTEIN,
& FISHER, L.L.P.**
Bruce E. Gerstein
Noah Silverman
Kevin Landau
1501 Broadway
New York, NY 10036
(212) 398-0055

Date: March 12, 2003.

FOR THE DEFENDANTS

By

**CRAVATH, SWAINE & MOORE**
Evan R. Chesler
Darin McAtee
Michelle L. Lawner
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1243

-19-

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

|  |  |  |
|---|---|---|
| STEVEN J. GUTTER, on behalf of himself and all others similarly situated, | x : : : : | |
| Plaintiff, | : | Case No.  95-2152-CIV-GOLD |
| - against - | : : | |
| E.I. DUPONT DE NEMOURS AND COMPANY and EDGAR J. WOOLARD, JR., | : : : | |
| Defendants. | : : : | |

x

## ORDER PRELIMINARILY APPROVING SETTLEMENT

**WHEREAS,** by Order entered on April 2, 1997, the Court certified a Plaintiff

Class consisting of all persons or entities who purchased E.I. DuPont de Nemours and Co.

("DuPont") common stock during the period June 19, 1993 through and including January 27,

1995 (the "Class Period"), excluding Defendants, members of the immediate family of

Defendants Edgar J. Woolard, Jr., any entity in which any Defendant has a controlling interest,

and the legal representatives, affiliates, heirs, successors, predecessors in interest, or assigns of

any Defendant; and

**WHEREAS,** by Order entered on April 2, 1997, the Court appointed a

Representative Plaintiff Steven J. Gutter ("Representative Plaintiff") and his attorneys ("Class

Counsel") to represent the Plaintiff Class; and

ATTACHMENT / EXHIBIT __

**WHEREAS,** the Representative Plaintiff, Class Counsel on behalf of the Plaintiff Class, and the defendants in the above-described action ("Action") now have applied for an order, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, fixing certain matters in connection with a proposed settlement of the Action (the "Proposed Settlement"), in accordance with a Settlement Agreement entered into by the parties as of March 12, 2003 ("Agreement"), which is incorporated herein by reference, and dismissing the Action upon the terms and conditions set forth in the Agreement;

**NOW, THEREFORE,** pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, upon the agreement of the parties, and after consideration of the Settlement Agreement and the exhibits annexed thereto,

**IT IS HEREBY ORDERED** that:

1.       The representations, agreements, terms, and conditions of the parties' Proposed Settlement, as embodied in the Agreement and the exhibits attached thereto, are preliminarily approved as being fair, reasonable, and adequate to the Plaintiff Class, pending a final hearing on the Proposed Settlement as provided herein.

2.       The Court authorizes Plaintiff's Lead Counsel, Bruce E. Gerstein and his firm Garwin, Bronzaft, Gerstein & Fisher, LLP ("Plaintiff's Lead Counsel"), on behalf of Class Counsel, to enter into the Agreement on behalf of the Plaintiff Class, and to bind them all to the duties and obligations contained therein, subject to final approval by the Court of the Proposed Settlement. Plaintiff's Lead Counsel, on behalf of the Plaintiff Class, is authorized to take all appropriate action required or permitted to be taken by the Plaintiff Class pursuant to this Agreement to effectuate its terms.

3.     Having reviewed the proposed form of Notice of Proposed Settlement of Class Action and Hearing Thereon submitted by the parties as Exhibit A-1 to the Agreement ("Notice of Settlement Hearing"), the Court hereby approves such Notice of Settlement Hearing and directs Plaintiff's Lead Counsel to mail, or cause to be mailed, such Notice of Settlement Hearing to all members of the Plaintiff Class ("Class Members") who can be identified through reasonable effort.  The mailing is to be made by first class United States mail, postage prepaid, at least 45 days prior to the date of hearing on approval of the Proposed Settlement.

4.     Having reviewed the proposed form of Summary Notice on Proposed Settlement of Class Action and Hearing Thereon submitted by the parties as Exhibit A-2 to the Agreement ("Summary Notice"), the Court hereby approves such Summary Notice and directs that Plaintiff's Lead Counsel shall cause such Summary Notice to be published once in the national edition of The Wall Street Journal and in the Miami Herald Tribune no more than 10 days after the mailing of the Notice of Settlement Hearing and at least 35 days prior to the hearing date for approval of the Proposed Settlement.

5.     The Court finds and determines that mailing of the Notice of Settlement Hearing and publication of the Summary Notice constitute the best notice to the Plaintiff Class practicable under the circumstances, constitute due and sufficient notice of the matters set forth in said Notices to all persons entitled to receive notice, and fully satisfy the requirements of due process and of Rule 23 of the Federal Rules of Civil Procedure.

6.     A hearing will be held by this Court in the Courtroom of The Honorable Alan S. Gold, United States District Judge, in United States District Court for the Southern District of Florida, 301 N. Miami Avenue - 10th Floor, Miami, Fl. 33128, at 2:00 p.m. on May 30, 2003 ("Settlement Hearing"), to determine:  (a) whether the Proposed Settlement should be

approved as fair, reasonable, adequate, and in the best interests of the Plaintiff Class; (b) whether

a final judgment should be entered substantially in the form of Exhibit B to the Agreement;

(c) whether the Representative Plaintiff's proposed Plan of Allocation of the settlement proceeds

("Plan of Allocation") should be approved as fair and reasonable to the Plaintiff Class; and

(d) whether to approve the application of Plaintiff's Lead Counsel, on behalf of Class Counsel,

for an award of attorneys' fees, costs, and expenses, and any application for awards to the

Representative Plaintiff ("Fee and Expense Petition"). The Settlement Hearing is subject to

continuation or adjournment by the Court without further notice.

      7.    Prior to the Settlement Hearing, Plaintiff's Lead Counsel shall cause an

affidavit to be filed with the Court certifying that the Notice of Settlement Hearing has been

provided and the Summary Notice has been published as directed in Paragraphs 3 and 4 of this

Order.

      8.    Any Class Member who previously excluded himself from the Plaintiff

Class may elect to rejoin the Plaintiff Class and be treated in all respects as if he had never opted

out. Any Class Member who previously excluded himself and now wishes to be included in the

Plaintiff Class must send a written request to DuPont Securities Class Action, FRG Information

Systems Corp., P.O. Box 4059, Grand Central Station, New York, NY 10163, which includes:

(a) the Class Member's name and address; (b) a request to be included in the Plaintiff Class and

have one's initial exclusion voided; (c) a statement that the request for inclusion applies to all

shares purchased by the Class Member, beneficially or otherwise, during the Class Period; and

(d) the signature of the account owner. The request must be post-marked not later than May 7,

2003.

9.    Any Class Member who wishes to object to the Proposed Settlement, the Plan of Allocation, and/or the Fee and Expense Petition, or to appear at the Settlement Hearing and show cause, if any, why the same should not be approved as fair, reasonable, adequate, and in the best interests of the Plaintiff Class, or why a final judgment should not be entered thereon, must serve and file a written notice of intention to appear and written objections in the form and manner required by the Notice of Settlement Hearing.  Such notice of intention to appear and objections must be addressed to the Clerk of Court, United States District Court for the Southern District of Florida, 301 N. Miami Avenue, Miami, FL 33128; must refer to the action Gutter v. DuPont, File No. 95-2152-CIV-GOLD; must be filed with, and received by, the Clerk of Court by May 7, 2003, a date which is in excess of 10 days prior to the date of the Settlement Hearing; must provide, with respect to each transaction in the common stock of DuPont made by such person during the Class Period, a statement setting forth the date, type of transaction, price, and quantity (i.e., number of shares) of securities involved; must provide a detailed statement of such person's specific objections to any matter before the Court, the grounds therefor, and the reasons for such person desiring to appear and be heard; and must include all documents and other writings such person wishes the Court to consider.  Copies of all materials also must be served upon, and received by, the following counsel on or before that same date:

> Bruce E. Gerstein, Esq.
> Garwin, Bronzaft, Gerstein & Fisher, L.L.P.
> 1501 Broadway, Suite 1416
> New York, NY  10036
>
> Plaintiff's Lead Counsel
>
> Evan Chesler, Esq.
> Cravath, Swaine & Moore
> Worldwide Plaza
> 825 Eighth Avenue
> New York, New York 10019

Attorneys for Defendants

10.     No person shall be entitled to object to the Proposed Settlement, to the final judgment to be entered in this Action, to any award of attorneys' fees, costs, and expenses to Class Counsel, or to an award to the Representative Plaintiff, or otherwise to be heard, except by serving and filing a written notice of intention to appear and written objections in the form and manner, and by the date, required by the Notice of Settlement Hearing.  Any person who fails to object in the manner and by the date required shall be deemed to have waived any objections, and shall be forever barred from raising such objections in this or any other action or proceeding.

11.     Having reviewed the proposed Proof of Claim Form and Release submitted by the parties as Exhibit A-3 to the Agreement, the Court hereby approves such Proof of Claim Form and Release and directs that Plaintiff's Lead Counsel shall mail, or cause to be mailed, such Proof of Claim Form and Release at the same time, in the same manner, and to the same persons, as provided in Paragraph 3 with respect to the Notice of Settlement Hearing.

12.     In order to share in any proceeds resulting from the settlement of this Action, Class Members must file a Proof of Claim Form and Release ("Proof of Claim") in the manner provided therein by no later than September 15, 2003.  A Proof of Claim filed by mail shall be deemed to have been filed when postmarked, if mailed by first class mail, registered mail, or certified mail, postage prepaid, addressed in accordance with the instructions given in the Proof of Claim.  All other Proofs of Claim shall be deemed to have been filed at the time they are actually received by Plaintiff's Class Counsel or by FRG Information Systems Corp., the Claims Administrator.

13.     Upon the entry of final judgment after the Settlement Hearing, all Class Members, whether or not they have filed a Proof of Claim within the time provided, shall be barred from asserting any claims (except through the Proof of Claim procedures) against any of the defendants arising from the Settled Claims (as defined in Paragraph V(A)(14) of the Agreement), and all Class Members shall be conclusively deemed to have released any and all such claims.

14.     Upon the entry of final judgment after the Settlement Hearing, and upon the Effective Date of the final judgment contemplated by Paragraph V(A)(7) of the Agreement, which will occur on the date upon which the judgment in this Action becomes not subject to further appeal or review, only persons who are Class Members shall have rights in the distribution of the Settlement Fund created by the Proposed Settlement, except as otherwise ordered by the Court.

15.     The Court reserves the right to adjourn or continue the Settlement Hearing, and any adjournment or continuance may be without further notice of any kind other than oral announcement at the Settlement Hearing or at any later hearing.

Date: _____, 2003.
Miami, FL


_____
Alan S. Gold
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

|  |  |  |
|---|---|---|
| | x | |
| STEVEN J. GUTTER, on behalf of himself and all others similarly situated, | : : : | Case No.  95-2152-CIV-GOLD |
| | : | |
| Plaintiff, | : : | |
| - against - | : : | |
| E.I. DUPONT DE NEMOURS AND COMPANY and EDGAR J. WOOLARD, JR.,          : | : : | |
| | : | |
| Defendants. | : : : | |
| | x | |

## NOTICE OF PROPOSED SETTLEMENT OF
## CLASS ACTION AND HEARING THEREON

TO:   ALL PERSONS AND ENTITIES WHO PURCHASED THE COMMON STOCK OF E.I.
DUPONT DE NEMOURS AND COMPANY ("DUPONT") DURING THE PERIOD
JUNE 19, 1993 THROUGH JANUARY 27, 1995, INCLUSIVE

### SPECIAL NOTE

THIS NOTICE MAY AFFECT YOUR RIGHTS.  YOU ARE URGED TO READ IT
CAREFULLY.  PLEASE NOTE THAT THOSE PERSONS AND ENTITIES WHO
PURCHASED THE COMMON STOCK OF DUPONT DURING THE PERIOD JUNE 19,
1993 THROUGH JANUARY 27, 1995, INCLUSIVE ("CLASS PERIOD"), AND WHO DID
NOT PREVIOUSLY REQUEST EXCLUSION FROM THE CLASS (COLLECTIVELY
"PLAINTIFF CLASS") ARE CLASS MEMBERS AND ARE ENTITLED TO SHARE IN THE
CASH PROCEEDS OF THE PROPOSED CLASS ACTION SETTLEMENT DESCRIBED
IN THIS NOTICE.  CLASS MEMBERS WHO WISH TO SHARE IN THOSE CASH
PROCEEDS MUST TIMELY SUBMIT A VALID PROOF OF CLAIM FORM AND
RELEASE IN ACCORDANCE WITH THE INSTRUCTIONS CONTAINED ON THAT
FORM, A COPY OF WHICH IS ENCLOSED WITH THIS NOTICE.


ATTACHMENT / EXH.BIT

## **PURPOSE OF THIS NOTICE**

This Notice is sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure, and pursuant to an Order of the United States District Court for the Southern District of Florida (the "Court") entered on _____, 2003 in the above-described class action (the "Action"), as described more fully below.

A proposed settlement of the Action has been reached and preliminarily approved by the Court. This proposed settlement was reached as a result of mediated settlement discussions between counsel for the named plaintiff ("Representative Plaintiff") and counsel for the Defendants (defined below). The purpose of this Notice is to advise you of this proposed settlement, the terms of which are summarized herein and are fully contained in documents filed with the Court and which are available for your inspection at the Clerk's office during regular business hours; to notify you of a hearing to be held by the Court at 2:00 p.m. on May 30,2003, at the United States Courthouse District Court, 301 N. Miami Avenue, 10th Floor, Miami, FL 33128, with regard to final approval of the proposed settlement and to consider related matters; to advise you of your right to file written objections and to appear at the hearing; and to advise you of the need to timely file a Proof of Claim Form and Release in order to share in the funds to be distributed pursuant to the proposed settlement.

IF THE PROPOSED SETTLEMENT IS APPROVED BY THE COURT, YOU WILL BE BOUND BY THE TERMS OF THE SETTLEMENT AND BY THE ORDER FOR FINAL JUDGMENT CONTEMPLATED THEREUNDER, AND WILL BE UNABLE TO PARTICIPATE IN THE DISTRIBUTION OF THE SETTLEMENT FUND UNLESS YOU FILE A PROOF OF CLAIM FORM AND RELEASE, ALL AS MORE FULLY DESCRIBED BELOW.

-2-

Certain provisions of the proposed settlement are described in this Notice, but the documents on file with the Court more fully set forth the proposed settlement and govern its terms.

## BACKGROUND AND DESCRIPTION
## OF THE CLASS ACTION

1.      The lawsuit is a securities law action.  The initial complaint was filed on September 29, 1995; an amended and supplemental complaint was filed on April 9, 1998 ("Complaint").  Representative Plaintiff alleges that DuPont and Edgar S. Woolard (collectively "Defendants") violated the Federal Securities Laws.  The violations are based upon alleged false statements and omissions allegedly made by defendants regarding: (a)  the safety of a Dupont agricultural product called Benlate, and (b) DuPont's potential liability in a series of products-liability lawsuits by growers asserting damages allegedly caused by Benlate.  More specifically, Representative Plaintiff alleges that various statements made by the Defendants were false or misleading because at the time the statements were made defendants allegedly knew of information that allegedly indicated that Benlate may have caused the damages that growers alleged in the underlying Benlate suits.  In addition, Representative Plaintiff alleges that the Defendants improperly failed to disclose the allegedly adverse information to the plaintiffs in the Benlate cases and/or the public.   Representative Plaintiff alleges that: (a) the failure to reveal this information created a false and misleading perception regarding DuPont's potential liability in the Benlate suits and the magnitude of that potential liability and (b) Defendants' conduct artificially inflated DuPont's stock price for the period between June 19, 1993 and January 27, 1995.  Representative Plaintiff seeks damages for himself and for the Class based upon this alleged artificial inflation of DuPont's stock price during this approximately 18-month period.

2.      By Order entered on April 2, 1997, the Court certified a Plaintiff Class and appointed a Representative Plaintiff Steven J. Gutter and his attorneys to represent the Plaintiff Class. By Order entered on July 10, 1997, the Court denied the Defendants' Motion to Dismiss.

3.      The parties conducted extensive discovery and completed such discovery on or about September 30, 2002. This discovery has included, inter alia, (i) inspection and analysis of hundreds of thousands of pages of documents produced by Defendants; (ii) interrogatories and answers to interrogatories; (iii) extensive motion practice; (iv) a four day evidentiary hearing on one of Representative Plaintiff's motions to compel; (v) depositions of over 30 fact witness; (vi) preparation of expert reports and depositions of the parties' five experts; and (vii) analysis of the applicable law with respect to the claims asserted in the Complaint and the potential defenses thereto.

4.      On November 22, 2002, Defendants moved for summary judgment. The issues raised by Defendants' motion for summary judgment were fully briefed by the parties.

5.      On March 5, 2003, the parties engaged in mediation pursuant to Court order dated April 15, 2002. The parties to the Action have entered in a Settlement Agreement dated as of March 12, 2003 ("Agreement"), which has been preliminarily approved by the Court. The Agreement fully sets forth the terms of proposed settlement of the Action, and is available for inspection as hereinafter provided.

6.      Counsel for Representative Plaintiff believe that the proposed settlement is a good recovery and is in the best interests of the Class. The Representative Plaintiff and his attorneys ("Class Counsel") have carefully weighed the benefits to the Plaintiff Class of an immediate settlement of the Action for the consideration being offered by Defendants, against the significant cost, risk and

delay that continued prosecution of the Action would involve. The Representative Plaintiff and Class Counsel recognize the expense and length of continued proceedings necessary to continue the litigation against Defendants through trial and appeals, and also are mindful of the asserted defenses to their claims. The Representative Plaintiff and Class Counsel also have taken into account the anticipated difficulty of proving damages. In light of the foregoing, the Representative Plaintiff and Class Counsel believe that the settlement set forth in this Agreement confers substantial benefits on the Plaintiff Class and each of the Class Members.

THE COURT HAS NOT DECIDED ANY OF THE SUBSTANTIVE CONTENTIONS OF THE PARTIES AND, THEREFORE, NO INFERENCES REGARDING THE MERITS OF THE ACTION SHOULD BE DRAWN FROM THE SENDING OF THIS NOTICE. THE GIVING OF THIS NOTICE IS NOT MEANT TO IMPLY THAT THERE HAVE OR HAVE NOT BEEN ANY VIOLATIONS OF THE LAW, OR THAT RECOVERY AFTER TRIAL COULD OR COULD NOT BE HAD IF THE ACTION IS NOT SETTLED.

## DESCRIPTION OF THE PLAINTIFF CLASS

7.      By Order entered April 2, 1997, the Court certified the Action as a class action. You are a Class Member if: (a) you purchased DuPont common stock during the period beginning June 19, 1993 through January 27, 1995, inclusive; and (b) you did not file a timely request to exclude yourself from the Plaintiff Class. Excluded from the Plaintiff Class are the Defendants in the Action, any member of the immediate family of any defendant, any entity in which any defendant has a controlling interest, and any legal representative, affiliate, heir, successor, predecessor in interest or assign of any defendant.

-5-

8.      If you are a Class Member, you should keep the parties apprised of any change in your address by sending notification of your new address to:

> DuPont Securities Class Action
> FRG Information Systems Corp.
> P.O. Box 4059
> Grand Central Station
> New York, New York  10163

9.      You have the right, if you previously excluded yourself from the Plaintiff Class, to elect to rejoin the Plaintiff Class.  If you choose to do so, you shall be treated in all respects as if you never excluded yourself from the Plaintiff Class and will be bound by any settlement or judgment in the Action.  If you did not previously exclude yourself from the Plaintiff Class, you will remain a Class Member regardless of whether or not you take any further action.

10.     If you previously excluded yourself from the Plaintiff Class and wish to rejoin the Plaintiff Class, you must submit a written request for inclusion, postmarked on or before May 7, 2003, to the following address:

> DuPont Securities Class Action
> FRG Information Systems Corp.
> P.O. Box 4059
> Grand Central Station
> New York, New York  10163

Your request for inclusion must legibly include:  (a) your name and address; (b) a statement that you request inclusion in the Plaintiff Class; (c) a statement that the request for inclusion applies to all DuPont common stock purchased during the Class Period; and (d) the signature of the account owner.

## SUMMARY OF THE PROPOSED SETTLEMENT

11.     The proposed settlement calls for a Settlement Fund totaling $77,500,000

-6-

(Seventy Seven Million Five Hundred Thousand Dollars) from Defendants.  Pending distribution to

such Class Members whose claims are allowed by this Court ("Authorized Claimants"), the Settlement

Fund will accrue interest for the benefit of Class Members.  Costs incurred in administering the

settlement, including the costs of notifying members of the Plaintiff Class, the reasonable fees and

expenses of the escrow agent, the fees of a claims administrator, and any taxes due and owing as a

result of the Settlement Fund, will be deducted from the Settlement Fund.  The Settlement Fund will

also pay such amounts as are awarded by the Court to Class Counsel for attorneys' fees, and

expenses, including expert fees and expenses, and to the Representative Plaintiff.  A $50,000 (Fifty

Thousand Dollars) reserve fund will be created out of the Settlement Fund and will be used to pay late

claims, if appropriate, to adjust any errors in payment, to make other equitable adjustments, and to pay

costs, expenses and attorneys' fees associated with dealing with such matters.  The amount remaining

in the Settlement Fund, after the foregoing reductions ("Net Settlement Fund"), will be paid out to Class

Members.

**Proposed Plan of Allocation**

        12.       The Net Settlement Fund will be distributed to Class Members who file timely

and acceptable Proofs of Claim Forms and Releases ("Proof of Claim") in accordance with the Plan of

Allocation described in Paragraphs 13 through 15 below.

        13.       Distribution to persons who file timely and acceptable Proofs of Claim will be

pro rata, that is, the ratio that a Class Member's total "Recognized Loss" bears to the total of all

Recognized Losses for all Authorized Claimants multiplied by the Net Settlement Fund.

        14.       A Class Member's "Recognized Loss" will be calculated by multiplying the

number of shares purchased by an Authorized Claimant during the Class Period less the number of

shares sold by an Authorized Claimant prior to January 27, 1995, by the amount of alleged price

inflation estimated by Representative Plaintiff's damage expert, Financial Markets Analysis, LLC, which

was $2.93 (Two Dollars and Ninety Three Cents) per share.

15.    In determining the amount of losses, if the Authorized Claimant both bought and

sold DuPont common stock during the Class Period, the first-in, first-out basis ("FIFO") will be

applied, that is, sales during the Class Period will be matched in chronological order against first

opening positions and then subsequent purchases made during the Class Period in chronological order.

All purchases and sales of DuPont common stock during the Class Period must be listed on the Proof

of Claim.

16.    In calculating the claims of Authorized Claimants, the "purchase" and "sale"

dates are the "trade" or "contract" dates for each transaction and not the "settlement" or "payment"

dates. The determination of the price paid per share and the price received per share on the sale of the

shares shall be exclusive of all commissions, taxes, and charges.

THE AMOUNT YOU WILL RECEIVE CANNOT NOW BE DETERMINED WITH

MATHEMATICAL CERTAINTY. IT WILL DEPEND UPON MANY FACTORS, INCLUDING

THE AGGREGATE AMOUNT OF ALL CLAIMS FILED AND ALLOWED.

**Proposed Dismissal and Release**

17.    The proposed settlement requires the full and final dismissal of the Action with

prejudice, without costs to any party as against any other. For purposes of the proposed settlement

and this Notice, the Defendants consist of: (a) E.I. DuPont de Nemours and Company, a Delaware

-8-

corporation, and its past and present parent, subsidiary, and affiliated corporations and entities, the

predecessors and successors in interest of any of them, and all their respective past and present

officers, directors, employees, agents, representatives, attorneys, insurers, and assigns ("DuPont"); and,

(b) Edgar S. Woolard, Jr. and each of his respective assigns, successors, agents, representatives, heirs,

executors, administrators, and insurers ("Woolard").

       18.      The proposed settlement also requires the release and discharge by all Class

Members of Defendants of any and all claims, manner of action, suits, obligations, causes of action,

liabilities, debts, demands, agreements, promises, damages, losses, controversies, costs, expenses, and

attorneys' fees whatsoever, whether in law or equity and whether based on federal law, state law,

common law or foreign law right of action or any other type or form, foreseen, actual or potential,

matured or unmatured, known, or unknown, accrued or not accrued which Representative Plaintiff and

each Class Member, or any of them, ever had, now have, or can have, or shall or may hereafter have,

against Defendants, for, based on, by reason of, or arising from or relating to claims relating to the

purchase of DuPont common stock during the Class Period that were made, or could have been made,

in the Action including, but not limited to (i) claims that directly or indirectly arise out of any of the facts,

transactions, events, occurrences, acts or omissions mentioned in the Complaint or in discovery (formal

or informal) in this Action, or other matters that are or could have been set forth, alleged, embraced or

otherwise referred to in the Complaint or the Action, which could have been brought against

Defendants relating to a Class Member's purchase of DuPont common stock during the Class Period,

including all matters encompassed within the releases and covenants not to sue set forth in the

Agreement and the attached Proof of Claim, and (ii) claims arising out of the prosecution of the Action,

including, but not limited to, claims related to fraud in the inducement, negligent misrepresentation, discovery misconduct or fraud; except that nothing in the Agreement releases any claim arising out of the violation or breach of the terms of the Agreement.

19.     The proposed settlement is subject to the approval of this Court. If the Court does not approve the proposed settlement, or if the proposed settlement or Agreement is voided, terminated or cancelled according to its terms, then the parties and the Action shall revert to their respective statuses as of the date and time prior to execution of the Agreement and the Action shall proceed in all respects as if no Agreement had occurred.

### CLASS COUNSEL'S APPLICATION
### FOR FEES, COSTS, AND EXPENSES

20.     If the proposed settlement is approved by the Court, the attorneys for the Plaintiff Class intend to apply to the Court at the Settlement Hearing, or at a later time prior to distribution of the Settlement Fund, for a joint award of attorneys' fees in an amount not to exceed 33-1/3% of the Settlement Fund, including interest earned on the Settlement Fund, and for reimbursement of their out-of-pocket expenses, including experts' fees and expenses, incurred in connection with the prosecution of the Action. Class Counsel also intend to request that $35,000 be paid to the Representative Plaintiff as an award in recognition for his special efforts on behalf of the Plaintiff Class, in addition to whatever other monies the Representative Plaintiff will be entitled to under the proposed settlement. Any monies allowed by the Court for fees, costs, expenses, and/or awards will be deducted from the Settlement Fund. The Defendants shall have no responsibility or liability whatsoever with respect to such fees, costs, expenses, and/or awards.

## THE SETTLEMENT HEARING

21.     A hearing will be held before The Honorable Alan S. Gold, United States

District Judge, in United States District Court for the Southern District of Florida, 301 N. Miami

Avenue - 10th Floor, Miami, FL 33128, on May 30, 2003, at 2:00 p.m. ("Settlement Hearing") to

determine:  (a) whether the proposed settlement should be approved as fair, reasonable, adequate, and

in the best interests of the Plaintiff Class; (b) whether a final judgment should be entered as required by

the Agreement; (c) whether the proposed Plan of Allocation should be approved as fair and reasonable

to the Plaintiff Class; and (d) whether to approve the application of Class Counsel, for an award of

attorneys' fees, costs, and expenses, and the application for award to the Representative Plaintiff, all

from out of the Settlement Fund ("Fee and Expense Petition").

22.     Although the issues of approval or disapproval of the proposed Plan of

Allocation and of the Fee and Expense Petition may be considered at the same time as the issue of

approval or disapproval of the proposed settlement, whether the proposed settlement is approved and

consummated will not depend upon whether the proposed Plan of Allocation and/or the Fee and

Expense Petition are approved.

23.     The Settlement Hearing may be adjourned by the Court from time to time,

without further notice.  The Court reserves the right to act upon any or all of the matters set forth in

Paragraph 21 without further notice of any kind, and to consider any other matter related to the

proposed settlement.

## RIGHT TO APPEAR

24.     At the Settlement Hearing, any member of the Plaintiff Class may appear in

-11-

person or by counsel and show cause, if any, why the proposed settlement should not be approved as

fair, reasonable, adequate, and in the best interests of the Plaintiff Class, why final judgment should not

be entered as provided by the Agreement, why the proposed Plan of Allocation should not be

approved, or why the Court should not award the requested attorneys' fees, costs, and expenses to

Class Counsel and/or an award to the Representative Plaintiff.  However, no person will be heard at

the Settlement Hearing unless the following materials are served and filed by such person as described

herein:  (a) a notice of intention to appear; (b) with respect to each transaction in DuPont common

stock made by such person from June 19, 1993 through January 27, 1995, inclusive, a statement

setting forth the date, type of transaction, price, and quantity (i.e., number of shares) of securities

involved; (c) a detailed statement of such person's specific objection to any matter before the Court,

the grounds therefor, and the reasons for such person desiring to appear and to be heard; and (d) all

documents and writings which such person desires the Court to consider.  Such materials must be filed

with, and received by, the Clerk of Court, United States District Court for the Southern District of

Florida, either by a filing in person at the United States District Court, 301 N. Miami Avenue, Miami,

FL 33128, or by a filing by mail to the Clerk of Court, by May 7, 2003, which is in excess of 10 days

prior to the date of the Settlement Hearing.  Copies of such materials also must be served upon and

received by the following counsel on or before that same date:

> Bruce E. Gerstein, Esq.
> Garwin, Bronzaft, Gerstein & Fisher, L.L.P.
> 1501 Broadway, Suite 1416
> New York, NY  10036
>
> Class Counsel

Evan Chesler, Esq.
Cravath, Swaine & Moore
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019

Attorneys for Defendants

All such notices, statements, documents and writings must refer to the action <u>DuPont Securities Class</u>

<u>Action</u>, 95-2152-CIV-GOLD

25.     Attendance at the Settlement Hearing is not necessary if you do not wish to

object. No member of the Plaintiff Class shall be entitled to object to the proposed settlement, to the

final judgment to be entered in the Action, to the proposed Plan of Allocation, to any award of

attorneys' fees, costs, and expenses to Class Counsel, or to any award to the Representative Plaintiff,

or otherwise to be heard, except by serving and filing a written notice of intention to appear and written

objections as described above. Any person who fails to object in the manner and by the date

described above shall be deemed to have waived any objections, and shall be barred forever from

raising such objections in this or any other action or proceeding.

<u>NOTICE TO BANKS, BROKERS, AND OTHER NOMINEES</u>

26.     Pursuant to an order of this Court, each bank, brokerage firm and other

nominee for a beneficial owner who purchased DuPont common stock during the Class Period is

requested promptly to forward to all such persons a copy of this Notice and the Proof of Claim

enclosed herewith. Upon request by any such nominee, additional copies of this Notice and the Proof

of Claim may be obtained without charge by written request to the Claims Administrator:

-13-

DuPont Securities Class Action
FRG Information Systems Corp.
P.O. Box 4059
Grand Central Station
New York, New York  10163

Upon the receipt of a list of names and addresses of persons for whom nominees purchased DuPont

common stock during the Class Period, the Claims Administrator shall mail a copy of this Notice and

the Proof of Claim.

## PROOF OF CLAIM FORM AND RELEASE

27.      A Class Member who wishes to share in the proceeds of the proposed

settlement described in Paragraph 11 of this Notice must submit a Proof of Claim as enclosed herewith

by no later than September 15, 2003.  Whether or not such Class Member has filed and served any

objections pursuant to Paragraph 23 of this Notice, any Class Member who fails to submit a timely and

acceptable Proof of Claim will be barred from sharing in the Settlement Fund and will be bound by any

settlement approved and any judgment entered by the Court in the Action.

28.      A Proof of Claim sent by mail shall be deemed to have been filed when

postmarked, if mailed by first class, registered or certified mail, postage prepaid, addressed in

accordance with the instructions given on the Proof of Claim.  All other Proofs of Claim shall be

deemed to have been filed at the time they are actually received.

29.      If you did not receive a Proof of Claim in the mail with this Notice, you may

obtain such a form by a written request addressed to the following:

-14-

DuPont Securities Class Action
FRG Information Systems Corp.
P.O. Box 4059
Grand Central Station
New York, New York  10163

In your written request, you must include your name and your current address.

**SCOPE OF THIS
NOTICE:  EXAMINATION OF PAPERS**

30.      The foregoing statements concerning the Settlement Hearing, the Action, the

terms of the proposed settlement, and other matters described herein do not purport to be

comprehensive.  For full details, members of the Plaintiff Class are referred to the Agreement, to the

documents referred to therein, and to the pleadings and other papers filed with the Court in the Action,

which documents may be examined by you or your attorney during regular business hours on any

business day at the office of the Clerk of Court, United States District Court for the Southern District of

Florida, United States District Court, 301 N. Miami Avenue, Miami, FL 33128.  Further questions

concerning any of the above should be addressed to:

Bruce E. Gerstein
Garwin, Bronzaft, Gerstein & Fisher, L.L.P.
1501 Broadway, Suite 1416
New York, NY  10036
Phone:  (212) 398-0055

Class Counsel

PLEASE DO <u>NOT</u> CALL OR DIRECT QUESTIONS TO THE COURT OR THE

CLERK OF THIS COURT.

-15-

Date: _____, 2003

Miami, FL                                    Clerk of the Court
                                             United States District Court
                                             Southern District of Florida

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

———————————————————  x
STEVEN J. GUTTER, on behalf          :
of himself and all others           :        Case No.   95-2152-CIV-GOLD
similarly situated,                 :
                                    :
                  Plaintiff,        :
                                    :
          - against -               :
                                    :
E.I. DUPONT DE NEMOURS              :
AND COMPANY and EDGAR              :
J. WOOLARD, JR.,          :
                                    :
                  Defendants.  :
                                    :
———————————————————x

### SUMMARY NOTICE OF PROPOSED SETTLEMENT
### OF CLASS ACTION AND HEARING THEREON

TO:   ALL PERSONS AND ENTITIES WHO PURCHASED THE COMMON STOCK OF E.I.
      DUPONT DE NEMOURS ("DUPONT") DURING THE PERIOD BEGINNING JUNE 19,
      1993 THROUGH JANUARY 27, 1995, INCLUSIVE.

      **YOU ARE HEREBY NOTIFIED** pursuant to Rule 23 of the Federal Rules of Civil

Procedure and an Order of the above-named Court that a hearing will be held on May 30, 2003 at

2:00 p.m. before The Honorable Alan S. Gold, Judge of the United States District Court for the

Southern District of Florida, United States Courthouse, 301 N. Miami Avenue, Miami, Florida 33128.

The purpose of the hearing will be to determine:  (1) whether the proposed settlement of the

above-described Action for the total amount of $77,500,000 (Seventy Seven Million Five Hundred

Thousand Dollars), as set forth in a Settlement Agreement dated as of March 12, 2003 ("Agreement"),

ATTACHMENT / EXHIBIT ____

is fair, reasonable, adequate, and in the best interests of the Plaintiff Class (as described further below), and thus should be approved; (2) whether a final judgment should be entered pursuant to the Agreement dismissing the Action with prejudice, and releasing any and all rights, claims, actions and causes of action which were or could have been asserted therein by any member of the Plaintiff Class against any and all of the defendants and others, as provided in the Agreement; (3) whether the proposed Plan of Allocation of the settlement proceeds should be approved as fair and reasonable to the Plaintiff Class; and (4) whether to approve the application of Plaintiff's Lead Counsel for an award of attorneys' fees and expenses, including expert fees and expenses, and the application for an award to the Representative Plaintiff, all from out of the settlement proceeds. The Court may adjourn the hearing without further notice.

If you purchased the common stock of DuPont during the period beginning June 19, 1993 through January 27, 1995, inclusive, and did not previously request exclusion from the class, you are a member of the Plaintiff Class and your rights will be affected by the Action and the proposed settlement of the Action. To share in the distribution of the settlement proceeds, you must file a Proof of Claim Form and Release on or before September 15, 2003, establishing that you are entitled to recovery.

If you are a member of the Plaintiff Class, you are entitled, but not required, either individually or by counsel, to be present at the hearing described above. However, any objections to the proposed settlement, to the proposed final dismissal of the Action and the release of claims as described, to the proposed Plan of Allocation of the settlement proceeds, to the request of Class Counsel for an award of attorneys' fees and expenses, including expert fees and expenses, or to the application for an award to the Representative Plaintiff, must be filed with the Court and served upon

counsel for the parties by no later than May 7, 2003, in the manner provided in the detailed Notice referred to below.

      If you are a member of the Plaintiff Class and have not received a detailed printed Notice of Proposed Settlement of Class Action and Hearing Thereon and the Proof of Claim Form and Release enclosed therewith, you may obtain copies by calling or writing to the following:

> DuPont Securities Class Action
> FRG Information Systems Corp.
> P.O. Box 4059
> Grand Central Station
> New York, NY 10163
> Phone: 1-800-556-9955

      PLEASE DO NOT CONTACT THE COURT OR THE CLERK OF THIS COURT FOR INFORMATION.

Date: _____, 2003.
Miami, FL

_____
Clerk of the Court
United States District Court
Southern District of Florida

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| STEVEN J. GUTTER, on behalf of himself and all others similarly situated,    x : : : : | Case No.  95-2152-CIV-GOLD |
| Plaintiff,    : : | |
| - against -    : : | |
| E.I. DUPONT DE NEMOURS AND COMPANY and EDGAR J. WOOLARD, JR.,     :    : | |
| Defendants.  : : x | |

## PROOF OF CLAIM FORM AND RELEASE

If you were a purchaser of E.I. DuPont de Nemours and Company ("DuPont") common stock

during the period beginning on June 19, 1993 through January 27, 1995, inclusive ("Class Period"),

you may be entitled to participate in distributions from the Settlement Fund.  If you wish to be eligible to

participate in distributions from the Settlement Fund, you must complete and sign this Proof of Claim

Form and Release.  **YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF**

**CLAIM FORM AND RELEASE, TOGETHER WITH SUPPORTING**

**DOCUMENTATION, ON OR BEFORE SEPTEMBER 15, 2003, ADDRESSED AS**

**FOLLOWS:**

ATTACHMENT / EXHIBIT _____ -1-

DuPont Securities Class Action
FRG Information Systems Corp.
P.O. Box 4059
Grand Central Station
New York, NY 10163

If you fail to file a properly addressed Proof of Claim Form and Release, your claim may be rejected

and you may be precluded from any recovery from the Settlement Fund created in connection with the

proposed settlement of the above-captioned action ("Action").  However, regardless of whether you

file a Proof of Claim Form, you will be bound by any orders and judgments entered in the Action,

including any order dismissing the Action and the releases contained in the Settlement Agreement

("Agreement").

This Proof of Claim Form has been provided to you accompanied by a Notice of Hearing on

Proposed Settlement of Class Action (the "Notice").  If you have any questions regarding this Proof of

Claim Form, or if you do not have a copy of the Notice, please contact the Claims Administrator, FRG

Information Systems, Inc., in writing, directed to P.O. Box 4059, Grand Central Station, New York,

NY 10163 or by calling (800) 556-9955.  PLEASE DO NOT CONTACT THE COURT.

**I.    IDENTITY OF CLAIMANT:**

A.    Name:_____

Joint Claimant's Name:_____

Address:_____

_____

City:_____ State:_____ Zip Code:_____

Country:_____

Telephone Nos.:_____

           (Day)          (Evening)

Social Security Number
    or
Taxpayer Identification Number:_____

B.    Claimant is:

(Check appropriate block and fill in the applicable blanks below)

\_\_\_    An Individual:  I am a claimant acting in my own interest.

\_\_\_    Joint Claimants: We are two or more persons holding shares jointly.

\_\_\_    A Partnership:  I am a member of _____
and am authorized to make this claim on behalf of the partnership.

\_\_\_    A Corporation:    I am the _____ of _____
and am authorized to make this claim on behalf of the
corporation.

\_\_\_    An Executor or Administrator: I (We) am (are) the
executor(s) or administrator(s) of the Estate of
_____, deceased.  I (we) have attached
hereto a copy of Letters Testamentary or Letters of
Administration) by which I (we) are authorized to make
this claim.

\_\_\_    A Custodian or Guardian:  I am custodian (guardian) for
_____.  I have attached hereto a proof of
current authority to act.

\_\_\_    A Trustee: I (We) am (are) trustee(s) of a trust created
by _____.  I (We) have attached hereto a copy of proof
of current authority to act.

\_\_\_    An Agent or Attorney: I am agent (attorney) for _____.
I have attached my Power of Attorney or the Instrument
showing my authority to act.

-3-

\_\_\_\_   An IRA, Keogh or other type of Individual Retirement Plan:
The type of plan is _____ and the Custodian is _____.

\_\_\_\_   Other: (Specify)

## II.   HOLDINGS AT THE CLOSE OF BUSINESS ON JUNE 18, 1993.

Number of shares of DuPont common stock held by Claimant at day's end on June 18, 1993.

_____

Proof of holdings at June 18, 1993 enclosed?   (Y/N)

## III.   PURCHASES OF DUPONT COMMON STOCK DURING THE PERIOD BEGINNING ON JUNE 19, 1993 THROUGH JANUARY 27, 1995, INCLUSIVE.

Claimant made the following purchases of DuPont common stock during the period beginning

June 19, 1993 through January 27, 1995, inclusive:

(List each transaction separately. Date of purchase is "trade" or "contract" date, and not "settlement" or "payment" date. Attach a separate schedule if more space is needed.)

| Date of Purchase | Number of Shares of DuPont Common Stock Purchased | Price Paid Per Share | Proof of Purchase Enclosed (Y/N)? |
|---|---|---|---|
| _____ | _____ | $_____ | _____ |
| _____ | _____ | $_____ | _____ |
| _____ | _____ | $_____ | _____ |
| _____ | _____ | $_____ | _____ |

## IV.   SALES OF DUPONT COMMON STOCK DURING THE CLASS PERIOD.

Claimant made the following sales of DuPont common stock during the period beginning on

June19, 1993 through January 27, 1995, inclusive:

-4-

(List each transaction separately.  Date of sale is "trade" or "contract" date, and not "settlement" or "payment" date.
Attach a separate schedule if more space is needed.)

| Date of Sale | Number of Shares of DuPont Common Stock | Price Received Per Share | Proof of Sale Enclosed (Y/N)? |
|---|---|---|---|
| _____ | _____ | $ _____ | _____ |
| _____ | _____ | $ _____ | _____ |
| _____ | _____ | $ _____ | _____ |
| _____ | _____ | $ _____ | _____ |

## V.  HOLDINGS AT THE CLOSE OF BUSINESS ON JANUARY 27, 1995.

Number of shares of DuPont common stock held by Claimant at day's end on January 27,
1995. _____.

Proof of Holdings at January 27, 1995 enclosed?  (Y/N?)  ____

## VI.  YOU MUST ATTACH TO THIS PROOF OF CLAIM FORM A COPY OF THE BROKER'S CONFIRMATION SLIPS, MONTHLY  STATEMENTS, AND/OR OTHER DOCUMENTATION EVIDENCING: (1)  THE NUMBER OF SHARES OF DUPONT COMMON STOCK HELD AT DAY'S END ON JUNE 18,  1993; (2) EACH PURCHASE AND SALE OF DUPONT COMMON STOCK DURING THE CLASS PERIOD; AND (3) THE NUMBER OF SHARES OF DUPONT COMMON STOCK HELD AT DAY'S END ON JANUARY 27,  1995.  FAILURE TO PROVIDE THIS  DOCUMENTATION OR TO LIST ALL PURCHASES AND SALES DURING THE CLASS PERIOD COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION OF YOUR CLAIM.

## VII.  SUBMISSION TO JURISDICTION OF COURT.

Claimant, and (i) all of the heirs, executors, administrators, beneficiaries, spouses,

predecessors, successors, assigns and each of them, and (ii) all of their former and present employees,

directors, officers, accountants, agents attorneys, representatives, affiliates, parents and subsidiaries, in

-5-

their capacity as such, ("Claimant") submits to the jurisdiction of the United States District Court for the

Southern District of Florida ("Court") for the purpose of asserting any claim against the Defendants (as

defined in the Notice) in the Action and for purposes of investigation and discovery (if necessary) with

respect to this Proof of Claim Form and Release ("Proof of Claim") under the Federal Rules of Civil

Procedure, and agrees to be bound by and subject to the terms of the Order of Final Judgment and any

other order of that Court regarding the proposed settlement of the Action and to furnish such additional

information or proof with respect to this Proof of Claim Form and Release as Plaintiffs' Lead Counsel,

the Claims Administrator, or the Court shall require.

## VIII.  RELEASE.

### A.  Settled Claims

Claimant by operation of the Order of Final Judgment shall have, and shall be deemed to have,

fully, finally, and forever released, remised, relinquished and discharged Settled Claims against

Defendants.

**"Settled Claims"** means any and all claims, manner of action, suits, obligations, causes of

action, liabilities, debts, demands, agreements, promises, damages, losses, controversies, costs,

expenses, and attorneys' fees whatsoever, whether in law or equity and whether based on federal law,

state law, common law or foreign law right of action or any other type or form, foreseen, actual or

potential, matured or unmatured, known, or unknown, accrued or not accrued which Representative

Plaintiff and each Class Member, or any of them, ever had, now have, or can have, or shall or may

hereafter have, against Defendants, for, based on, by reason of, or arising from or relating to claims

relating to the purchase of DuPont common stock during the Class Period that were made, or could

have been made, in the Action including, but not limited to (i) claims that directly or indirectly arise out

of any of the facts, transactions, events, occurrences, acts or omissions mentioned in the Complaint or

in discovery (formal or informal) in this Action, or other matters that are or could have been set forth,

alleged, embraced or otherwise referred to in the Complaint or the Action, which could have been

brought against Defendants relating to a Class Member's purchase of DuPont common stock during the

Class Period, including all matters encompassed within the releases and covenants not to sue set forth in

the Agreement and herein, and (ii) claims arising out of the prosecution of the Action, including, but not

limited to, claims related to fraud in the inducement, negligent misrepresentation, discovery misconduct

or fraud; except that nothing in the Agreement releases any claim arising out of the violation or breach

of the terms of the Agreement.

"**Defendants**" means: (a)  E.I. DuPont de Nemours and Company, a Delaware corporation,

and its past and present parent, subsidiary, and affiliated corporations and entities, the predecessors

and successors in interest of any of them, and all their respective past and present officers, directors,

employees, agents, representatives, attorneys, insurers, and assigns ("DuPont"); and, (b) Edgar S.

Woolard, Jr. and each of his respective assigns, successors, agents, representatives, heirs, executors,

administrators, and insurers ("Woolard").

**B.      Covenant Not to Sue**

Claimant covenants not to sue Defendants with respect to, or otherwise to assert, directly, or

indirectly, any of the Settled Claims, in any court of law, or equity, or any other forum.

**C.      Release of Unknown Claims**

-7-

Claimant acknowledges that he, she or it may have sustained Settled Claims which are presently unknown and not suspected and that such Settled Claims may give rise to additional damages, expenses, and losses in the future which are now not anticipated. Claimant also acknowledges that this settlement and the releases in it have been negotiated and agreed on in light of this realization and, being full advised, expressly waives any and all rights that, he, she or it may have under any statute or common law principle that would limit the effect of the foregoing releases to those claims actually known or suspected to exist at the time of the execution of this stipulation. Claimant expressly waive any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, including, without limitation Section 1542 of the California Civil Code.

IX. Claimant understands that reference is made in this Proof of Claim Form and Release to the Notice and to the Settlement Agreement for the matters described and the terms defined therein.

X. Claimant represents that Claimant has submitted no other Proof of Claim Form and Release on behalf of the Claimant identified in Section I, above, with respect to the Settlement Fund, except the following:

(If none, insert "None." If Claimant or the person presenting Claimant has for any reason submitted other Proof of Claim Forms herein, explain the circumstances.)

_____

_____

XI. Claimant represents that Claimant has not assigned or transferred, or purported to assign or transfer, voluntarily or involuntarily, any of the Settled Claims, or any part or portion of them.

-8-

**XII.**    Claimant has listed all purchases and sales (if any) of DuPont common stock beginning on June 19, 1993 through January 27, 1995, inclusive, and has identified the number of shares of DuPont common stock, if any, held at day's end on June 18, 1993, and at day's end on January 27, 1995.

NOTE:       A copy of the Instructions for Completing a Substitute Form W-9 is included as part of the Notice accompanying this Proof of Claim Form and Release.

Any change in your status with respect to backup withholding should be promptly reported to the Claims Administrator, FRG Information Systems, Inc., Box 4059, Grand Central Station, New York, NY 10163.

**XIII.**

PAYER'S REQUEST FOR TAXPAYER
IDENTIFICATION NUMBER

SUBSTITUTE FORM W-9

PART I. TAXPAYER IDENTIFICATION
NUMBER

PART II.  BACKUP WITH-
HOLDING ON ACCOUNTS OPENED
AFTER DECEMBER 31, 1993.

Please enter the taxpayer
identification number in the
appropriate box.  For most
individual taxpayers, this is
the Social Security Number.

Check the box only if you
are subject to backup
withholding under the
provisions of Section
§ 406(a)(1)(c) of the
Internal Revenue Code. _____

_____ or _____

| Social Security Number | Taxpayer Identification Number |
| --- | --- |

(See instructions below)

Certification:  Under the penalties of perjury, I certify that the information provided on this form is true, correct and complete.

_____     _____
Signature                                                Date

Instructions:

You are to check the box in Part II if you have been notified by the Internal Revenue Service that you are subject to backup withholding.

Any change in your status with respect to backup withholding should be promptly be reported to FRG, Claims Administrator, P.O. Box 4059, Grand Central Station, New York, NY 10163.

VERIFICATION

UNDER PENALTIES OF PERJURY, I (WE) CERTIFY THAT I (WE) HAVE READ THE FOREGOING PROOF OF CLAIM FORM AND RELEASE, KNOW ITS CONTENTS, AND STATE THAT ALL OF THE INFORMATION PROVIDED ON THIS FORM AND IN THE DOCUMENTS ATTACHED HERETO IS TRUE, CORRECT AND COMPLETE.

(If this claim is made on behalf of Joint Claimants, each must sign this form and each must provide a Taxpayer Identification Number.)

Date:_____, 200_

_____
(Signature)

_____
(Signature)

*    *    *    *

Reminder checklist:

    1.    Please sign the above.

    2.    Remember to attach supporting documents.  (Send copies.  No documents will be returned.)

-10-

3.      Do not send original stock certificates.  (No documents will be returned.)

4.      Keep a complete copy of your Proof of Claim Form and Release and the attachments submitted.

5.      If you move, please send your new address to the Claims Administrator at the address provided at the beginning of this Proof of Claim Form and Release.

\\Colossus\cases\Dupont\Settlement\proofofclaimandrelease-3-12-03.wpd

-11-

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

```
—————————————————————————————  x
STEVEN J. GUTTER, on behalf        :
of himself and all others          :          Case No.  95-2152-CIV-GOLD
similarly situated,                :
                                   :
             Plaintiff,            :
                                   :
          - against -              :
                                   :
E.I. DUPONT DE NEMOURS             :
AND COMPANY and EDGAR              :
J. WOOLARD, JR.,         :
                                   :
             Defendants.  :
                                   :
————————————————————————————x
```

## ORDER OF FINAL JUDGMENT

This Court, having considered Representative Plaintiff's Motion for Approval of the Settlement

Agreement, between Representative Plaintiff, by and through Plaintiff's Lead Counsel, and defendants

E.I. DuPont De Nemours and Company ("DuPont") and Edgar S. Woolard, Jr. (collectively

"Defendants"); and having held a hearing on May 30, 2003; and having considered all of the

submissions and arguments with respect to the motion (including any objections to the Settlement), and

otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY

ORDERED, ADJUDGED AND DECREED that:

1.      This Order of Final Judgment incorporates by reference the definitions in the Settlement

Agreement ("Agreement"), and all terms used herein shall have the same meanings set forth in the

Agreement.

ATTACHMENT / EXHIBIT B

2.    This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

3.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court has certified a Class as follows:

> All persons or entities who purchased E. I. DuPont De Nemours and Co. common stock during the period of June 19, 1993 through and including January 27, 1995, excluding Defendants, members of the immediate family of Defendant Edgar J. Woolard, Jr., any entity in which any Defendant has a controlling interest, and the legal representatives, affiliates, heirs, successors, predecessors in interest, or assigns any Defendant.

4.    Notice to the Class has been given in an adequate and sufficient manner, constituting the best notice practicable, and complying in all respects with Rule 23 of the Federal Rules of Civil Procedure and due process.

5.    Pursuant to Fed. R. Civ. P. 23, the Court hereby finally approves the Settlement set forth in the Agreement and finds that the Agreement and Plan of Allocation, described in the Notice to the Class are, in all respects fair, reasonable and adequate, and in the best interests of the Class.  The Parties are hereby directed to perform the terms of the Settlement.

6.    At the time of the Effective Date, Defendants shall be released and forever discharged from any and all claims, manner of action, suits, obligations, causes of action, liabilities, debts, demands, agreements, promises, damages, losses, controversies, costs, expenses, and attorneys' fees whatsoever, whether in law or equity and whether based on federal law, state law, common law or foreign law right of action or any other type or form, foreseen, actual or potential, matured or unmatured, known, or unknown, accrued or not accrued, which Representative Plaintiff and each Class

-2-

Member, or any of them, ever had, now have, or can have, or shall or may hereafter have, against any

Defendants, for, based on, by reason of, or arising from or relating to claims relating to the purchase of

DuPont common stock during the Class Period that were made, or could have been made, in the

Action, including, but not limited to (i) claims that directly or indirectly arise out of any of the facts,

transactions, events, occurrences, acts or omissions mentioned in the Complaint or in discovery (formal

or informal) in the Action, or other matters that are or could have been set forth, alleged, embraced or

otherwise referred to in the Complaint or the Action, which could have been brought against

Defendants relating to a Class Member's purchase of DuPont common stock during the Class Period,

including all matters encompassed within the releases and covenants not to sue set forth in the

Agreement and (ii) claims arising out of the prosecution of the Action, including, but not limited to,

claims related to fraud in the inducement, negligent misrepresentation, discovery misconduct or fraud;

except that nothing in this Order or the Agreement releases any claim arising out of the violation or

breach of the terms of the Agreement.

7.      Plaintiff's Lead Counsel, on behalf of each Class Member, covenants not to sue

Defendants with respect to, or otherwise to assert, directly, or indirectly, any of the Settled Claims, in

any court of law, or equity, or any other forum.

8.      In addition to the provisions of paragraphs __ and __, Plaintiff's Lead Counsel, on

behalf of each Class Member, hereby expressly acknowledges that he, she or it may have sustained

Settled Claims which are presently unknown and not suspected and that such Settled Claims may give

rise to additional damages, expenses, and losses in the future which are now not anticipated. Plaintiff's

Lead Counsel, on behalf of each Class Member, also acknowledges that this settlement and the

-3-

releases in it have been negotiated and agreed on in light of this realization and, being full advised,

expressly waives any and all rights that he, she or it may have under any statute or common law

principle that would limit the effect of the foregoing releases to those claims actually known or

suspected to exist at the time of the execution of this stipulation. Plaintiff's Lead Counsel, on behalf of

each Class Member, expressly waives any and all rights or benefits they may now have, or in the future

may have, under any law relating to the releases of unknown claims, including, without limitation Section

1542 of the California Civil Code.

9.      Nothing in this Order or the Agreement, shall be construed as an admission in any

action or proceeding of any kind whatsoever, civil, criminal or otherwise, before any court,

administrative agency, regulatory body or any other body or authority, present or future, by Defendants

including, without limitation, that Defendants have engaged in any conduct or practices that violate any

securities statute or other law.

10.      Without affecting the finality of this judgment, the Court retains exclusive jurisdiction

over the Agreement, including the administration and consummation of the Agreement and in order to

determine issues relating to attorneys' fees and expenses and to any distribution to members of the

Class. In addition, without affecting the finality of this judgment, Defendants and each member of the

Class hereby irrevocably submit to the exclusive jurisdiction of the United States District Court for the

Southern District of Florida, for any suit, action, proceeding or dispute arising out of or relating to this

Agreement or the applicability of the Agreement, including, without limitation any suit, action,

proceeding or dispute relating to the release provisions herein.

-4-

11.    The Court designates Bruce E. Gerstein and his firm Garwin, Bronzaft, Gerstein & Fisher, LLP as Plaintiff's Lead Counsel for purposes of administration of the settlement.

12.    Plaintiff's Class Counsel are hereby awarded ____% of the Settlement Fund as their fee award, from which amount Plaintiff's Class Counsel's expenses will be paid, which the Court finds to be fair and reasonable, and which amount shall be paid to Plaintiff's Class Counsel from the Settlement Fund in accordance with the terms of the Agreement, with interest from _____, 2003 (the date of funding of the Settlement Fund) to the date of payment at the same net rate that the Settlement Fund earns.  The payment of attorneys fees is to be made to Plaintiff's Lead Counsel on behalf of all Class Counsel.  Allocation of attorneys' fees shall be made by Plaintiff's Lead Counsel in a manner which Plaintiff's Lead Counsel believes in good faith reflects the contribution of such counsel to the prosecution and settlement of the Action

13.    Representative Plaintiff Steven J. Gutter is provided with an incentive award for representing the Class of $_____, which amount is in addition to whatever monies Representative Plaintiff will receive from the Settlement Fund pursuant to the Plan of Allocation.

14.    In the event the finality of the Settlement does not occur in accordance with the terms of the Agreement, this Order of Final Judgment shall be rendered null and void to the extent provided by the Agreement and shall be vacated and, in such event all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreement.

15.     There being no just reason for delay, the Clerk is hereby directed to enter final judgment, pursuant to Fed. R. Civ. P. Rule 54(b), dismissing the Action with prejudice and without costs except as otherwise provided for herein.

Dated: Miami, Florida

_____, 2003

                                                     SO ORDERED.


                                                     _____
                                                     Honorable Alan S. Gold
                                                     United States District Judge