IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| STEVEN J. GUTTER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>- against -<br><br>E.I. DUPONT DE NEMOURS AND COMPANY and EDGAR J. WOOLARD, JR.,<br><br>Defendants. | Case No. 95-2152-CIV-GOLD<br><br> |

## ORDER PRELIMINARILY APPROVING SETTLEMENT

**WHEREAS,** by Order entered on April 2, 1997, the Court certified a Plaintiff Class consisting of all persons or entities who purchased E.I. DuPont de Nemours and Co. ("DuPont") common stock during the period June 19, 1993 through and including January 27, 1995 (the "Class Period"), excluding Defendants, members of the immediate family of Defendants Edgar J. Woolard, Jr., any entity in which any Defendant has a controlling interest, and the legal representatives, affiliates, heirs, successors, predecessors in interest, or assigns of any Defendant; and

**WHEREAS,** by Order entered on April 2, 1997, the Court appointed a Representative Plaintiff Steven J. Gutter ("Representative Plaintiff") and his attorneys ("Class Counsel") to represent the Plaintiff Class; and



**WHEREAS,** the Representative Plaintiff, Class Counsel on behalf of the Plaintiff Class, and the defendants in the above-described action ("Action") now have applied for an order, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, fixing certain matters in connection with a proposed settlement of the Action (the "Proposed Settlement"), in accordance with a Settlement Agreement entered into by the parties as of March 12, 2003 ("Agreement"), which is incorporated herein by reference, and dismissing the Action upon the terms and conditions set forth in the Agreement;

**NOW, THEREFORE,** pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, upon the agreement of the parties, and after consideration of the Settlement Agreement and the exhibits annexed thereto,

**IT IS HEREBY ORDERED** that:

1. The representations, agreements, terms, and conditions of the parties' Proposed Settlement, as embodied in the Agreement and the exhibits attached thereto, are preliminarily approved as being fair, reasonable, and adequate to the Plaintiff Class, pending a final hearing on the Proposed Settlement as provided herein.

2. The Court authorizes Plaintiff's Lead Counsel, Bruce E. Gerstein and his firm Garwin, Bronzaft, Gerstein & Fisher, LLP ("Plaintiff's Lead Counsel"), on behalf of Class Counsel, to enter into the Agreement on behalf of the Plaintiff Class, and to bind them all to the duties and obligations contained therein, subject to final approval by the Court of the Proposed Settlement. Plaintiff's Lead Counsel, on behalf of the Plaintiff Class, is authorized to take all appropriate action required or permitted to be taken by the Plaintiff Class pursuant to this Agreement to effectuate its terms.

3. Having reviewed the proposed form of Notice of Proposed Settlement of Class Action and Hearing Thereon submitted by the parties as Exhibit A-1 to the Agreement ("Notice of Settlement Hearing"), the Court hereby approves such Notice of Settlement Hearing and directs Plaintiff's Lead Counsel to mail, or cause to be mailed, such Notice of Settlement Hearing to all members of the Plaintiff Class ("Class Members") who can be identified through reasonable effort. The mailing is to be made by first class United States mail, postage prepaid, at least 45 days prior to the date of hearing on approval of the Proposed Settlement.

4. Having reviewed the proposed form of Summary Notice on Proposed Settlement of Class Action and Hearing Thereon submitted by the parties as Exhibit A-2 to the Agreement ("Summary Notice"), the Court hereby approves such Summary Notice and directs that Plaintiff's Lead Counsel shall cause such Summary Notice to be published once in the national edition of The Wall Street Journal and in the Miami Herald Tribune no more than 10 days after the mailing of the Notice of Settlement Hearing and at least 35 days prior to the hearing date for approval of the Proposed Settlement.

5. The Court finds and determines that mailing of the Notice of Settlement Hearing and publication of the Summary Notice constitute the best notice to the Plaintiff Class practicable under the circumstances, constitute due and sufficient notice of the matters set forth in said Notices to all persons entitled to receive notice, and fully satisfy the requirements of due process and of Rule 23 of the Federal Rules of Civil Procedure.

6. A hearing will be held by this Court in the Courtroom of The Honorable Alan S. Gold, United States District Judge, in United States District Court for the Southern District of Florida, 301 N. Miami Avenue - 10th Floor, Miami, Fl. 33128, at 2:00 p.m. on May 30, 2003 ("Settlement Hearing"), to determine: (a) whether the Proposed Settlement should be

approved as fair, reasonable, adequate, and in the best interests of the Plaintiff Class; (b) whether a final judgment should be entered substantially in the form of Exhibit B to the Agreement; (c) whether the Representative Plaintiff's proposed Plan of Allocation of the settlement proceeds ("Plan of Allocation") should be approved as fair and reasonable to the Plaintiff Class; and (d) whether to approve the application of Plaintiff's Lead Counsel, on behalf of Class Counsel, for an award of attorneys' fees, costs, and expenses, and any application for awards to the Representative Plaintiff ("Fee and Expense Petition"). The Settlement Hearing is subject to continuation or adjournment by the Court without further notice.

7. Prior to the Settlement Hearing, Plaintiff's Lead Counsel shall cause an affidavit to be filed with the Court certifying that the Notice of Settlement Hearing has been provided and the Summary Notice has been published as directed in Paragraphs 3 and 4 of this Order.

8. Any Class Member who previously excluded himself from the Plaintiff Class may elect to rejoin the Plaintiff Class and be treated in all respects as if he had never opted out. Any Class Member who previously excluded himself and now wishes to be included in the Plaintiff Class must send a written request to <u>DuPont Securities Class Action</u>, FRG Information Systems Corp., P.O. Box 4059, Grand Central Station, New York, NY 10163, which includes: (a) the Class Member's name and address; (b) a request to be included in the Plaintiff Class and have one's initial exclusion voided; (c) a statement that the request for inclusion applies to all shares purchased by the Class Member, beneficially or otherwise, during the Class Period; and (d) the signature of the account owner. The request must be post-marked not later than May 7, 2003.

9. Any Class Member who wishes to object to the Proposed Settlement, the Plan of Allocation, and/or the Fee and Expense Petition, or to appear at the Settlement Hearing and show cause, if any, why the same should not be approved as fair, reasonable, adequate, and in the best interests of the Plaintiff Class, or why a final judgment should not be entered thereon, must serve and file a written notice of intention to appear and written objections in the form and manner required by the Notice of Settlement Hearing.  Such notice of intention to appear and objections must be addressed to the Clerk of Court, United States District Court for the Southern District of Florida, 301 N. Miami Avenue, Miami, FL 33128; must refer to the action <u>Gutter v. DuPont</u>, File No. 95-2152-CIV-GOLD; must be filed with, and received by, the Clerk of Court by May 7, 2003, a date which is in excess of 10 days prior to the date of the Settlement Hearing; must provide, with respect to each transaction in the common stock of DuPont made by such person during the Class Period, a statement setting forth the date, type of transaction, price, and quantity (i.e., number of shares) of securities involved; must provide a detailed statement of such person's specific objections to any matter before the Court, the grounds therefor, and the reasons for such person desiring to appear and be heard; and must include all documents and other writings such person wishes the Court to consider.  Copies of all materials also must be served upon, and received by, the following counsel on or before that same date:

> Bruce E. Gerstein, Esq.
> Garwin, Bronzaft, Gerstein & Fisher, L.L.P.
> 1501 Broadway, Suite 1416
> New York, NY  10036
>
> Plaintiff's Lead Counsel
>
> Evan Chesler, Esq.
> Cravath, Swaine & Moore
> Worldwide Plaza
> 825 Eighth Avenue
> New York, New York 10019

Attorneys for Defendants

10. No person shall be entitled to object to the Proposed Settlement, to the final judgment to be entered in this Action, to any award of attorneys' fees, costs, and expenses to Class Counsel, or to an award to the Representative Plaintiff, or otherwise to be heard, except by serving and filing a written notice of intention to appear and written objections in the form and manner, and by the date, required by the Notice of Settlement Hearing. Any person who fails to object in the manner and by the date required shall be deemed to have waived any objections, and shall be forever barred from raising such objections in this or any other action or proceeding.

11. Having reviewed the proposed Proof of Claim Form and Release submitted by the parties as Exhibit A-3 to the Agreement, the Court hereby approves such Proof of Claim Form and Release and directs that Plaintiff's Lead Counsel shall mail, or cause to be mailed, such Proof of Claim Form and Release at the same time, in the same manner, and to the same persons, as provided in Paragraph 3 with respect to the Notice of Settlement Hearing.

12. In order to share in any proceeds resulting from the settlement of this Action, Class Members must file a Proof of Claim Form and Release ("Proof of Claim") in the manner provided therein by no later than September 15, 2003. A Proof of Claim filed by mail shall be deemed to have been filed when postmarked, if mailed by first class mail, registered mail, or certified mail, postage prepaid, addressed in accordance with the instructions given in the Proof of Claim. All other Proofs of Claim shall be deemed to have been filed at the time they are actually received by Plaintiff's Class Counsel or by FRG Information Systems Corp., the Claims Administrator.

13. Upon the entry of final judgment after the Settlement Hearing, all Class Members, whether or not they have filed a Proof of Claim within the time provided, shall be barred from asserting any claims (except through the Proof of Claim procedures) against any of the defendants arising from the Settled Claims (as defined in Paragraph V(A)(14) of the Agreement), and all Class Members shall be conclusively deemed to have released any and all such claims.

14. Upon the entry of final judgment after the Settlement Hearing, and upon the Effective Date of the final judgment contemplated by Paragraph V(A)(7) of the Agreement, which will occur on the date upon which the judgment in this Action becomes not subject to further appeal or review, only persons who are Class Members shall have rights in the distribution of the Settlement Fund created by the Proposed Settlement, except as otherwise ordered by the Court.

15. The Court reserves the right to adjourn or continue the Settlement Hearing, and any adjournment or continuance may be without further notice of any kind other than oral announcement at the Settlement Hearing or at any later hearing.

Date: _March 14_, 2003.
Miami, FL

_____
Alan S. Gold
United States District Judge